See also D.C., 250 F.Supp. 724.

**John J. A. REYNOLDS, Jr., Regional Director of the Twenty-Sixth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MARLENE INDUSTRIES CORPORATION et al., Respondents.**

United States District Court
S. D. New York.
Feb. 7, 1966.

Arnold Ordman, General Counsel, N. L. R. B., Dominick L. Manoli, Associate General Counsel, Julius G. Serot, Asst. General Counsel, Marvin Roth and George Norman, attorneys, N. L. R. B., Washington, D. C., and Jacques Shurre, Atty., N. L. R. B., New York City, for petitioner.

Ballon, Stoll & Shyman, New York City, for respondents Marlene Industries Corp., Charles Meltzer, Samuel Meltzer and Abraham Dansky; David Kaplan, New York City, of counsel.

Charles Hampton White, Nashville, Tenn., for respondents Decaturville Sportswear Co., Trousdale Mfg. Co., Westmoreland Mfg. Corp., Frisco Sportswear Co., Aynor Mfg. Co., Loris Mfg. Co., Ray Rindone, Daniel Beitsch, L. E. Broyles, C. M. Jones, Victor Martin, Lloyd Eppersimons and W. J. Schwartz.

Morris P. Glushien, General Counsel, International Ladies' Garment Workers' Union, New York City, Max Zimny, Associate General Counsel, and Jerome B. Kauff, Asst. Gen. Counsel, New York City, for applicant for intervention.

METZNER, District Judge.

The International Ladies' Garment Workers' Union seeks leave to intervene in the motion by the petitioner, pursuant to section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j), for injunctive relief against the respondents. The petitioner, the National Labor Relations Board, opposes the application.

The petitioner has issued its complaint against the respondents charging unfair labor practices by the latter. 29 U.S.C. § 160(b). A hearing on the charges has been set before a trial examiner, and the final order entered at the conclusion of the administrative proceedings is subject to review by the Court of Appeals. 29 U.S.C. § 160(f).

The union is the charging party before the Board and participates in the hearings as a party. 29 C.F.R. §§ 102.8 and 102.38. Predicated on this standing the union seeks leave to intervene in this proceeding.

29 U.S.C. § 160(j) allows the Board to seek temporary injunctive relief from a district court pending completion of the administrative process. This relief is in aid of the function of the Board to determine the charges, and its purpose is to prevent the continuance of unfair labor practices upon a showing of reasonable grounds to believe that such practices exist. Garner v. Teamsters, Chauffeurs and Helpers Local Union, 346 U.S. 485, 489, 74 S.Ct. 161, 98 L.Ed. 228 (1953); Douds v. International Longshoremen's Ass'n, 242 F.2d 808, 811 (2d Cir. 1957).

The right to seek appropriate temporary relief is solely that of the Board, and is not available to a private litigant. Amalgamated Clothing Workers of America v. Richman Bros. Co., 348 U.S. 511, 517, 75 S.Ct. 452, 99 L.Ed. 600 (1955). The case of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Scofield, 86 S.Ct. 373, decided by the Supreme Court on December 7, 1965, is not in point. The possibility of multiplicity of appeals was present there. The Court was reviewing a final order pursuant to section 160(f). The determination by the Court of Appeals could affect a charging party, the applicant for intervention, who at some later stage could appeal to the courts if the order was reversed.

Bearing these considerations in mind, we turn to Fed.R.Civ.P. 24. Subdivision (a) (2) of that rule permits intervention as of right when "the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." This rule

presupposes a right in the applicant to maintain a claim in this court for relief. The applicant here has no such right. See Fafnir Bearing Co. v. NLRB, 339 F.2d 801, 803 (2d Cir. 1964), rev'd on other grounds sub nom. Automobile Workers v. Scoffield, supra. Furthermore, no judgment flows from the action by the court in this proceeding in aid of the Board's function. Lastly, it is a little difficult for the court to find that the Board, possessed of expertise developed over the years, and which independently determines that a petition be filed with the court for a temporary injunction for the protection of the applicant, will not adequately represent the interest involved.

Similarly, permissive intervention under rule 24(b) (2) may not be granted since that portion of the rule is expressly predicated on an applicant being possessed of a claim. See Bernstein v. N. V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, 76 F.Supp. 335 (S.D. N.Y.1948).

Motion denied. So ordered.

See also D.C., 250 F.Supp. 722.