410 F.2d 1148
 SEARS, ROEBUCK AND CO., Charging Party and Complainant before the National Labor Relations Board, Appellant,
v.
CARPET, LINOLEUM, SOFT TILE AND RESILIENT FLOOR COVERING LAYERS, LOCAL UNION NO. 419, AFL-CIO, Respondent-Appellee,
Clyde F. Waers, Regional Director of the Twenty-Seventh Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner-Appellee.
 No. 6-69.
 United States Court of Appeals Tenth Circuit.
 May 15, 1969.
 
 Gerard C. Smetana, Chicago, Ill. (Donald L. Giacomini, Denver, Colo., and Kalvin M. Grove, Chicago, Ill., on the brief), for appellant.
 Philip Hornbein, Jr., Denver, Colo., for respondent-appellee.
 Julius G. Serot, Asst. Gen. Counsel, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, and Marvin Roth, Atty., Washington, D. C., on the brief), for petitioner-appellee.
 Before MURRAH, Chief Judge, and LEWIS and HILL, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 This is an appeal by Sears, Roebuck and Company, the charging party and complainant before the N.L.R.B., from an order of the district court dismissing the petition of the Regional Director for a preliminary injunction under section 10(l) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(l). The Regional Director did not appeal from the denial of the injunction and asserts that consequently this court does not have jurisdiction to consider the merits of the matter because Sears lacks the necessary standing to prosecute this appeal.
 
 
 2
 Sears originally filed a charge with the Board alleging that the Carpet, Linoleum, Soft Tile and Resilient Floor Covering Layers, Local Union No. 419, AFL-CIO, was picketing Sears in furtherance of a dispute with Joe and Eddie's Carpet Service, a firm employed to install floor coverings sold by Sears. After investigating the charge, the Regional Director concluded that there was reasonable cause to believe that the Union was engaged in picketing in violation of section 8(b) (4) (i) (ii) (B) of the Act, and that a Board complaint based on that charge should be issued. Pursuant to the mandate of § 10(l), the Regional Director then filed a petition for an injunction with the district court pending final disposition of the complaint before the Board. As the charging party, Sears was notified, in accordance with the provisions of § 10(l), of the filing of the petition and the time and place of the hearing to be held by the district court. At that hearing the party litigants, the Board and the Union, presented evidence to support their contrary positions on the unlawful picketing issue underlying the Board's quest for an injunction. Sears put in an official appearance but did not participate in any meaningful fashion. The court considered the various contentions of the parties and concluded that the Board had failed to sustain a case for injunctive relief. The Regional Director decided to accept the judgment of the court but Sears disagreed and instituted this appeal.
 
 
 3
 The Board takes the position that Sears was not a party to the § 10(l) court proceeding and cannot appeal therefrom. This is said to follow from the fact that § 10(l) merely provides that the charging party "shall be given an opportunity to appear by counsel and present any relevant testimony." It is argued that to expand that grant of limited participation into a full scale right to appeal when the Board declines to do so, would be not only to ignore the plain meaning of the statutory language, but would constitute a total disregard for the overall scheme of labor injunction treatment embodied in the N.L.R.A. and the Norris-La Guardia Act.
 
 
 4
 Sears counters by stressing that § 10(l) is an exception to the general prohibition against labor injunctions, which to be fully understood requires that a distinction be made between "institution" of an injunction proceeding and "subsequent acts in support thereof." Sears claims that Norris-La Guardia is concerned only with the institution of such petitions and that once the Board has filed the petition pursuant to § 10(l),[1] Norris-La Guardia no longer operates as a barrier. Thus § 10(l) should be interpreted as granting charging parties all the rights of full juridical parties, including the right to appeal. We cannot agree and must conclude that Sears lacks the necessary standing to undertake this appeal.
 
 
 5
 It is not necessary to repeat the history of abuses that prompted the Norris-La Guardia Act, nor to belabor the public policy formulated therein. The language of that Act clearly indicated that "Congress was intent upon taking the federal courts out of the labor injunction business * * *." Marine Cooks & Stewards A.F.L. v. Panama S. S. Co., 362 U.S. 365, 369, 80 S.Ct. 779, 783, 4 L.Ed.2d 797 (1960). Accordingly, when an exception to that Act, such as is here involved, is relied upon to support the jurisdiction of the court, the language employed to articulate that exception will not be given any more expansive an interpretation than is clearly warranted.[2] Viewed in that context, the limited rights conferred upon a charging party in a § 10(l) proceeding, the right "to appear by counsel and present any relevant testimony," must be taken to mean just that, no more and no less. To read into that restricted right of participation, the right to initiate appeals, a right traditionally available only to full party litigants, would not only violate every sound principle of statutory construction, but would require a complete disregard for the sensitivity of the labor injunction problem.
 
 
 6
 Section 10(l), and its counterpart § 10(j), were designed to provide temporary injunctive relief pending the final adjudication of the Board. The temporary relief is allowed only upon the filing of a petition by the Regional Director. It is his view of the facts and law that the district court is to consider. "The courts are not free to roam at will over every aspect of a labor dispute upon the request of the charging party. * * * [T]he principal role in these proceedings is to be played by the Regional Director acting in the public interest, and while the charging party is free to aid him in the course of the litigation, the charging party may not substitute itself as the principal complainant." McLeod for and on Behalf of NLRB v. Business Machine & Office App. Mech. Conf. Bd., 300 F.2d 237, 243 (2d Cir.1962). When the Board declines to appeal an adverse district court decision, the charging party may not initiate an appeal, for then the charging party would become the principal complainant, in defiance of the scheme of the Act to the contrary.
 
 
 7
 The cases relied upon by Sears, namely, United Automobile etc., Workers of America AFL-CIO, Local 283 v. Scofield, 382 U.S. 205, 86 S.Ct. 373, 15 L. Ed.2d 272 (1965) and Retail Clerks Union etc. v. Food Employers Council, Inc., 351 F.2d 525 (9th Cir.1965), are distinguishable and of limited assistance here. In Scofield the Court held that both the successful charging party and the successful charged party have a right to intervene in the court of appeals proceeding reviewing a final Board order. Section 10(f) of the Act expressly provides for the right of an aggrieved party to obtain judicial review, the Court determined that "Congress would not intend, without clearly expressing a view to the contrary, that a party should suffer by his own success before the agency." 382 U.S. at 216, 86 S.Ct. at 380. No plausible theory has been advanced to justify extending the reasoning of Scofield to the totally unrelated issue presented here. Sections 10(l) and 10(f) deal with completely different situations. The temporary injunctive relief provided by § 10(l) does not contain elements of multiplicity of appeals or stare decisis that concerned the Court in its consideration of the § 10(f) question.
 
 
 8
 In Retail Clerks the court reviewed the action of a district court that had granted a temporary injunction after the Board had attempted to withdraw a § 10(l) petition. In upholding the right to grant an injunction after considering evidence introduced by the charging party, the court observed that to do otherwise "would make the district court's action a mere rubber stamp for the Regional Director." 351 F.2d at 530. The precise holding of the case thus relates to the conduct of § 10(l) petitions in the district court and can have no direct bearing upon the right to appeal at issue here. Moreover, any implications to the contrary that might be drawn from the decision, are completely dispelled by the fact that the court denied the request of the charging party to intervene at the appellate level. If the court had intended to accord charging parties equal status with full party litigants, there would have been no need to intervene and certainly no justification for requiring the parties to appear as amici curiae.
 
 
 9
 In sum, we conclude that to grant a charging party the right to appeal, a right ordinarily reserved to party litigants, would constitute an unwarranted expansion of the more limited rights conferred by the express language of § 10(l). Such an expansion, if there is to be one, must originate from other sources.
 
 
 10
 Sears urges in the alternative, that if the contention that it is already a party in the § 10(l) proceedings is rejected, then permission should be granted to allow it to intervene in order to prosecute this appeal. What has been said with regard to the right to appeal as a party, applies with equal force to the assertion of a right to appeal as an intervenor. Section 10(l) confers specific limited rights upon a charging party. The right to initiate an appeal is not one of them. What cannot be obtained directly by asserting a right to appeal as a party, cannot be obtained indirectly through intervention. Cf. Reynolds for and on Behalf of NLRB v. Marlene Industries Corp., 250 F.Supp. 722 (S.D.N.Y.1966).
 
 
 11
 Appeal dismissed.
 
 
 
 Notes:
 
 
 [1]
 Section 10(h) exempts section 10 proceedings from the operation of Norris-La Guardia. Hence, when the Board invokes § 10(l) the district court has jurisdiction.
 
 
 [2]
 The Supreme Court has repeatedly cautioned against judicial dilution of Norris-La Guardia, e. g., Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962); Milk Wagon Drivers' Union, etc. v. Lake Valley Farm Products, Inc., 311 U.S. 91, 61 S.Ct. 122, 85 L.Ed. 63 (1940)