George SQUILLACOTE, Regional Director of the Thirtieth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AND ITS LOCAL 578, UAW, Respondent.

Civ. A. No. 74-C-457.

United States District Court,
E. D. Wisconsin.

Oct. 30, 1974.

See also, D.C., 384 F.Supp. 1171.

Philip E. Bloedorn, Milwaukee, Wis., for petitioner.

George F. Graf, Milwaukee, Wis., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge: ·

The National Labor Relations Board (hereinafter "Board") has filed a petition for a temporary injunction under Section 10(j) of the National Labor Relations Act; 29 U.S.C. § 160(j). The petition was filed after the issuance of a complaint, pursuant to Section 10(b) of the Act, and is predicated upon the Board's conclusion that there is reasonable cause to believe that respondent union is engaging in unfair labor practices involving strike misconduct. The Board requests that this court enjoin the union, pending final disposition of the unfair labor practices currently before the Board, from further engaging in alleged acts of violence and other strike misconduct.

### I.

The employer and charging party has filed a motion to intervene in the action pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. The employer's motion to intervene is denied.

The sole issue presented by the employer's motion is whether a charging party has a right to intervene in injunctive proceedings authorized under Section 10(j) of the NLRA. The power to initiate injunctive suits under Section 10(j) is restricted to the Board alone. Private parties were not given the right to privately seek injunctive relief nor were they designated as or given the status of full parties litigant. Solien v. Miscellaneous Drivers, Local 610, 440 F.2d 124 (8th Cir. 1971). Section 10(j) was intended to provide temporary injunctive relief pending final adjudication of the Board. The court in Sears, Roebuck & Co. v. Carpet Layers, Local Union No. 149, AFL–CIO, 410 F. 2d 1148, 1150 (10th Cir. 1969), in denying the charging party's motion to intervene in such proceedings stated:

" * * * temporary relief is allowed only upon the filing of a petition by the Regional Director. It is his view of the facts and law that the district court is to consider. 'The courts are not free to roam at will over every aspect of a labor dispute upon the request of the charging party. * * * [T]he principal role in these proceedings is to be played by the Regional Director acting in the public interest * * *'."

The charging party relies on Rule 24(a) of the Federal Rules of Civil Procedure which provides that an applicant shall be permitted to intervene:

" * * * when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

However, intervention as of right presupposes that an applicant has a right to maintain a claim for the relief sought. Solien v. Miscellaneous Drivers, Local 610, 440 F.2d 124 (8th Cir. 1971). The charging party clearly does not have this right under Section 10(j). Sears, Roebuck & Co. v. Carpet Layers, Local Union No. 149, AFL–CIO, supra.

Rule 24(a) also requires that the applicant's interest be inadequately represented by the existing parties. It is hard to conceive how the charging party's interest will not be adequately represented by the Board. The only real interest intended to be protected by 10(j) injunctive proceedings is the public's interest. The board's petition for injunction does not concern itself with the interests of the charging party.

Consequently, the motion to intervene is denied.

## II.

The respondent union has also filed a motion to restrain the briefing schedule established by the court in preparation for a hearing on the Board's petition under 10(j). The court's briefing schedule required the Board to file its brief and supporting affidavits in advance of the hearing date and indicated the court's intention to resolve the issues upon affidavits submitted by the parties without the taking of any oral testimony. Respondent union objects to the procedure of this court in deciding the petition upon affidavits. Respondent also claims that compliance with the court's briefing schedule would be prejudicial to the union's rights in the unfair labor practice charges currently before the Board. At a conference held in chambers on October 17, 1974, the union expressed concern over the possibility of the employer's misuse of the affidavits filed by the Board in support of its petition for temporary injunctive relief.

Nothing in Section 10(j) indicates that witnesses or oral testimony is required. A number of courts have decided that injunctive relief under the Act may be granted or denied upon affidavits of the parties, San Francisco-Oakland Newspaper Guild v. Kennedy, 412 F.2d 541 (9th Cir. 1969); Penello v. International Bro. of Elec. Wkrs., Local 26, 223 F.Supp. 44 (D.C.D.C.1963); Kennedy v. Teamsters, Local 542, 443 F.2d 627 (9th Cir. 1971). Nor is it a denial of due process to refuse oral testimony, Kennedy v. Teamsters, Local 542, 443 F.2d 627 (9th Cir. 1971). The hearing to be held upon a petition for temporary injunctive relief under Section 10(j) has a limited evidentiary scope and purpose and is not intended to determine which litigant should ultimately prevail. NLRB v. Acker Industries, Inc., 460 F.2d 649 (10th Cir. 1972).

With respect to the union's claim that the charging party not be allowed to see the affidavits filed by the Board, this court notes that Section 10(*l*) of the Act provides for appearance of charging party's counsel and its submission of evidence at the hearing even in the absence of a right of intervention. Since Section 10(*l*) and 10(j) are essentially parallel sections and are often construed together, this court holds that the charging party may be apprised of the Board's evidentiary submissions. In Solien v. Miscellaneous Drivers, Local 610, 440 F.2d 124 (8th Cir. 1971), the court specifically held that, while the charging party was not entitled to intervene in the proceedings, it had the right to receive copies of all documents filed with the court.

Documents filed with the court must ordinarily be made public. They become public documents. This court does not believe that respondent union has sufficiently demonstrated unwarranted prejudice to it in the unfair labor practice charges currently before the Board, to justify this court's withholding of the Board's evidentiary submission from the public. Consequently the documents should be made public. Moreover, the Board informed this court at the conference held on October 17, 1974, that it has been their policy and practice to serve their briefs and affidavits on the charging party in proceedings brought under Section 10(j). No sufficient reason has been shown why the Board should not be allowed to follow its prior practice.

Based on the foregoing reasons,

It is ordered that the motion of employer and charging party, Oshkosh Truck Corporation, to intervene in these proceedings, be and hereby is denied.

It is further ordered that order of this court entered on October 17, 1974, requiring the Board's evidentiary submission to be kept *in camera*, be and hereby is vacated.

It is further ordered that the Board serve copies of its brief and evidentiary submission upon the respondent union as soon as practicable.