**HOUSTON INSULATION CONTRACTORS ASSOCIATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 21910.

United States Court of Appeals
Fifth Circuit.

Dec. 8, 1964.

Rives, Circuit Judge, dissented.

W. D. Deakins, Jr., Houston, Tex., Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel, for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Thomas J. Mitchell, Houston, Tex., Joseph A. Sickles, Atty., N.L.R.B., Louis Sherman, Atty., N.L.R.B., Washington, D. C., for respondent.

Before RIVES, BROWN and WISDOM, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

Petitioner (Houston Insulation) in connection with its Petition for Review, moves for an order staying the decision and order of the Board, dated September 4, 1964, and for a restraining order against the Union (International Ass'n of Heat and Frost Insulators, and Locals 22 and 113 thereof) pending a determination of the issues involved in a full dress review by this Court. We have concluded that the stay should be granted and that the motion for the restraining order should be denied.

Petitioner charged the Union with engaging in a secondary boycott in violation of § 8(b) (4) (i) and (ii) (B). At the behest of the Board's Regional Director acting under § 10($l$) (which empowers him to seek appropriate injunctive relief), Judge Ingraham of the Southern District of Texas, after conducting a full hearing, found and concluded that there was reasonable cause to believe that the Union was engaging in unlawful conduct. Accordingly, the Union Respondents were enjoined from refusing to handle materials for nonunion contractors on jobs being performed by members of the Petitioner-Association, pending a Board determination (see note 3, infra). The Trial Examiner agreed with the Regional Director and the District Court finding the two Locals—but not the International—guilty of an unlawful secondary boycott and recommended that a cease and desist order be issued. The Board however—apparently as a matter of law, not one of credibility choices—took the view that the Union had engaged only in protected primary

activity and ordered the complaint dismissed. The Petitioner thereupon instituted this proceeding seeking reversal of this decision. In the course of this motion for interim relief, the General Counsel has expressed the purpose of seeking formal dissolution of the District Court temporary injunction.

Setting forth a persuasive showing of a substantial basis for its legal contentions as they bear on the likelihood of ultimate success in this Court on the legal issue of the propriety of the Board's order and a convincing demonstration of irreparable harm in the meantime if the Union is allowed to resume the complained of activity, Petitioner asks that the Board's order be stayed, and an injunction pending appeal be entered.

■ Under the Act there can be no real question about the *power* of this Court to stay an order of the Board. The procedures governing a Board petition for enforcement to a Court of Appeals are set out in § 10(e). The parallel section, 10(f), grants to "[a]ny person aggrieved by a final order of the Board" the right to petition for review in a Court of Appeals. Recognition of the Court's power to enter a stay order in a proceeding of either kind is then expressly made in § 10(g):

> "(g) The commencement of proceedings under subsection (e) or (f) of this section shall not, *unless specifically ordered by the court,* operate as a stay of the Board's order." (Emphasis supplied.)

Actually no serious contest seems to be made by the Board on the issuance of a stay. The Board has, rather, focused its attention primarily on the asserted lack of jurisdiction in this Court to enter a restraining order at the instance of a private party.[1] The Court's power to enter a stay being clear under the Act,[2] the only question is whether this is an appropriate case for an exercise of that power.

■ After a thorough examination of the papers filed by all parties, a consideration of the proceedings in the District Court and those before the Trial Examiner and Board, we have concluded, without intimating how the issues should be resolved by a panel of this Court, that there is sufficient merit to Petitioner's position to justify preserving the status quo until the case is finally disposed of in this Court. Were Petitioner to ultimately prevail, the beneficial effect of our decision would largely be vitiated, if while awaiting hearing and disposition, the Union were permitted to resume its activities.

■■ The effect of the stay is such that it is not necessary for this Court—assuming, but not deciding, that it has the power—to issue an injunction in order to preserve the status quo. While it is true that ordinarily a § 10($l$) injunction expires upon final adjudication by the Board, our staying the Board's order effectually postpones its operative legal effect until enforced by this Court.

1. Without now undertaking to determine whether, as urged by the Board's brief, these wide grants of power necessarily confine interim relief to that sought by the Board, not a private party, it is evident that the following from § 10(e) and (f) go a long way to reinforce the power to grant a stay implied in § 10(g).

> "(e) * * * Upon the filing of such petition, the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper * * *"

> "(f) * * * Upon the filing of such petition, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e), and shall have the same jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper * * *."

Likewise § 10(h) reflects the policy that when courts under this structure are given power to issue restraining orders, etc., the Norris-LaGuardia Act, 29 U.S. C.A. § 101 et seq., is not to be a bar.

2. It is unnecessary to consider whether, apart from the Act, the Court has an inherent power to enter a stay. Cf. 28 U.S.C.A. § 1651.

Therefore Judge Ingraham's order granting a temporary injunction which was to run "pending the final disposition of the matters involved," [3] and which the records of the District Clerk show to be subsisting, remains in full force and effect so long as our stay continues. No further relief is needed or appropriate.

Accordingly, a stay will be entered as of the date of the application. Stay granted.

RIVES, Circuit Judge (dissenting):

The majority makes clear that the so-called "stay" which it grants is intended to have the force and effect of an injunction.[1] I must respectfully dissent because that seems to me beyond the jurisdiction of this Court.

The Norris-LaGuardia Act [2] deprives the courts of the United States of jurisdiction to issue any restraining order or temporary or permanent injunction in a case such as this involving or growing out of a labor dispute, unless that jurisdiction has been subsequently conferred by the Labor Management Relations Act. See Sinclair Refining Co. v. Atkinson, 1962, 370 U.S. 195, 203, 82 S.Ct. 1328, 8 L.Ed.2d 440. When granting appropriate relief provided in section 10 of the latter Act, it is expressly provided that " * * * the jurisdiction of courts sitting in equity shall not be limited by

sections 101–110 and 113–115 of this title." 29 U.S.C.A. § 160(h). However, as the Supreme Court observed in Sinclair Refining Co. v. Atkinson, supra, that Act permits "injunctions to be obtained, not by private litigants, but only at the instance of the National Labor Relations Board * * *." (370 U.S. at 204, 82 S.Ct. at 1334.) [3] See also Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir. 1948, 167 F.2d 183, 186, 187. Indeed, Congress expressly rejected a provision in section 12 of the House bill "for injunctions at the request of private persons, rather than by the Board, in cases like these." [4]

Of the sections relied on by the majority (its footnote 1), section 10(e) relates to petitions by the Board for enforcement of its order and section 10(f) provides for the grant of temporary relief to the Board but not to a private litigant. See 29 U.S.C.A. § 160(e) and (f).

Jurisdiction to issue injunctive relief in a case of this kind, even on the Board's petition, is strictly limited to the period "pending the final adjudication of the Board with respect to such matter." Section 10(l) of the Act, 29 U.S.C.A. § 160 (l). By its own terms the injunction expired on September 9, 1964, when the Board issued its decision and order dismissing the complaint.[5] It seems clear

---

3. We do not read this language as going beyond the permissible scope of an injunction under § 10(l)—"appropriate injunctive relief pending the final adjudication by the Board."

1. See the concluding two paragraphs of Judge Brown's opinion.

2. The opening section of that Act reads: "No court of the United States, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter." 29 U.S.C.A. § 101.

3. The only exception is a section not applicable to this case, 29 U.S.C.A. § 186

(e), which the Court commented "stands alone in expressly permitting suits for injunctions previously proscribed by the Norris-LaGuardia Act to be brought in the federal courts by private litigants under the Taft-Hartley Act * * *." (370 U.S. 205, n. 19, 82 S.Ct. 1334.)

4. House Conference Report No. 510, June 3, 1947, on H.R. 3020, U.S.Code Cong. Serv., 80th Cong., 1st Sess. 1947, p. 1164.

5. "The final adjudication of the Board" is more limited than "the final disposition of the matters involved," the language of the district court upon which the majority seizes (its footnote 3) to stretch the terms of the injunction. Any such broadening or extension of the statutory language would have far-reaching effects not intended by Congress.

to me that this Court has no jurisdiction to grant the private petitioner's motion for stay and thereby to reinstate the injunction or continue it in force.

I therefore respectfully dissent.