SEARS, ROEBUCK & CO. *v.* CARPET, LINOLEUM,
SOFT TILE & RESILIENT FLOOR COVERING
LAYERS, LOCAL UNION NO. 419, AFL–CIO, ET AL.

No. 476.   Argued March 3, 1970—Decided April 27, 1970

*Gerard C. Smetana* argued the cause for petitioner. With him on the briefs was *Alan Raywid.*

*David S. Barr* argued the cause for respondent union. With him on the brief was *Philip Hornbein, Jr.   Dominick L. Manoli* argued the cause for respondent the Regional Director of the National Labor Relations Board.   With him on the brief were *Solicitor General Griswold, Joseph J. Connolly, Arnold Ordman,* and *Norton J. Come.*

Briefs of *amici curiae* urging reversal were filed by *Brice I. Bishop* and *Phil B. Hammond* for the American Retail Federation, and by *Jerry Kronenberg* and *Charles C. Kieffer* for the Terminal Freight Handling Co. et al.

*J. Albert Woll, Laurence Gold,* and *Thomas E. Harris* filed a brief for the American Federation of Labor and Congress of Industrial Organizations as *amicus curiae* urging affirmance.

PER CURIAM.

The petitioner, Sears, Roebuck and Company (Sears), filed a charge with the NLRB Regional Director, alleging that the respondent union was engaged in unlawful secondary picketing of the petitioner's premises in violation of § 8 (b)(4)(B) of the National Labor Relations Act, as amended.[1] The Regional Director investigated the charge and, finding there was reasonable cause to believe it was true, issued an unfair labor practice complaint

---

[1] Sec. 8 (b). "It shall be an unfair labor practice for a labor organization or its agents—

.    .    .    .    .

"(4) (i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is— . . . (B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 9 . . . ." (61 Stat. 141, 73 Stat. 542, 29 U. S. C. § 158 (b).)

with the Board. He also petitioned a Federal District Court for injunctive relief pursuant to § 10 (*l*) of the Act, which directs him to apply for such temporary relief "pending the final adjudication of the Board with respect to such matter." [2]

Counsel for Sears appeared at the hearing before the District Court, but Sears did not seek to intervene formally. After hearing testimony the court declined to issue an injunction, believing that Sears was not likely to prevail before the Board on its unfair labor practice charge.[3] The Regional Director did not appeal the court's decision, but Sears sought to do so. 410 F. 2d 1148. The Court of Appeals dismissed Sears' appeal on the ground that under the Act only the Regional Director could appeal from the denial of a § 10 (*l*) injunction. Thereafter the Board issued its decision and order in the underlying unfair labor practice proceeding, finding that the respondent union had violated § 8 (b)(4)(B) of the Act, and ordering it to cease and desist from its unlawful conduct. 176 N. L. R. B. No. 120, 71 L. R. R. M. 1372 (1969).

Under these circumstances the question whether Sears could appeal the District Court's denial of an injunction has now become moot. For even if the Court of Appeals was wrong in dismissing Sears' appeal, any relief that that court might have given would now have terminated. " 'To adjudicate a cause which no longer exists is a proceeding which this Court uniformly has declined to entertain.' " *Oil Workers Union* v. *Missouri,* 361 U. S. 363, 371, quoting from *Brownlow* v. *Schwartz,* 261 U. S. 216, 217–218. See also *Hall* v. *Beals,* 396 U. S. 45; *Brockington* v. *Rhodes,* 396 U. S. 41; *Golden* v. *Zwickler,* 394 U. S. 103.

---

[2] 29 U. S. C. § 160 (*l*).

[3] The District Court decision is unreported.

Sears concedes that an injunction, had one issued, would terminate upon "final" Board resolution of the underlying unfair labor practice charge. But it argues that the Board's action cannot be considered final where, as here, one of the parties, in this case the respondent union, has sought review of the Board's order. In this situation, Sears maintains, the injunctive relief, if granted, would remain in effect until the Board's order with respect to the underlying unfair labor practice were either enforced or denied enforcement by the Court of Appeals. It is argued that because the Court of Appeals has not yet acted on the Board's order here, Sears may still be entitled to injunctive relief, and thus the question of whether it was entitled to appeal the denial of a § 10 (*l*) injunction remains a viable one.

But neither the language, the legislative history, nor the policies of the Act support this construction. For by its terms § 10 (*l*) merely authorizes the issuance of an injunction "pending the final adjudication *of the Board* with respect to [the] matter." (Emphasis added.) Once the Board has acted, it can itself seek injunctive relief from the Court of Appeals, pursuant to § 10 (e) of the Act, which empowers that court to grant "such temporary relief or restraining order as it deems just and proper." [4] See *McLeod* v. *Business Machine Mechanics Conference Board,* 300 F. 2d 237, 241. The legislative history makes clear that the purpose of enacting § 10 (*l*) in 1947 was simply to supplement the pre-existing § 10 (e) power of the Board by authorizing injunctive relief prior to Board action. [5] It was thus relief prior to Board

[4] 29 U. S. C. § 160 (e).

[5] "Under the present act the Board is empowered to seek interim relief only after it has filed in the appropriate circuit court of appeals its order and the record on which it is based. . . .

"In subsections (j) and (l) . . . the Board is given additional authority to seek injunctive relief. . . . Thus the Board need not

action that Congress was concerned with providing when it enacted § 10 (*l*), and any injunction issued pursuant to that section terminates when the Board resolves the underlying dispute.

Where the Board ultimately finds no unfair labor practice, it would clearly be contrary to the policies of the Act to permit a district court injunction to remain in effect pending Court of Appeals review of the District Court's action. And where the Board does find an unfair labor practice, § 10 (e) provides an adequate remedy should its order be disobeyed. Yet on the petitioner's reading of the Act, the District Court injunction would remain in effect until Court of Appeals review, whatever the Board did. This is not what was intended by § 10 (*l*), and the courts that have confronted the issue have consistently so held. *Carpenters' District Council* v. *Boire,* 288 F. 2d 454, 455; *Monique, Inc.* v. *Boire,* 344 F. 2d 1017, 1018; *NLRB* v. *Nashville Bldg. Trades Council,* 383 F. 2d 562, 564. See also this Court's disposition in *Los Angeles Bldg. & Construction Trades Council* v. *LeBaron,* 342 U. S. 802. But see *Houston Insulation Contractors Assn.* v. *NLRB,* 339 F. 2d 868.

Because any injunctive relief to which Sears might have been entitled under § 10 (*l*) would now have terminated in any event, the question of whether Sears was entitled to challenge the denial of such relief has become moot.

Accordingly the judgment of the Court of Appeals is vacated and the case is remanded to the District Court with directions to dismiss the complaint as moot.

*It is so ordered.*

---

wait, if the circumstances call for such relief, until it has held a hearing, issued its order, and petitioned for enforcement of its order." S. Rep. No. 105, 80th Cong., 1st Sess., 27 (1947).