**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**KNIPPERS AND DAY REAL ESTATE,
INC., et al., Defendants-Appellees.**

No. 28208.

United States Court of Appeals,
Fifth Circuit.

May 14, 1970.

Arthur Wolf and Hugh Fleischer, Jerris Leonard, Asst. Atty. Gen., Gary J. Greenberg, Attys., U. S. Dept. of Justice, Civil Rights Div., Washington, D. C., Patrick Hardin, Dept. of Justice, New Orleans, La., U. S. Atty., New Orleans, La., David L. Rose, Atty., U. S. Dept. of Justice, Washington, D. C., for appellant.

Bobby L. Forrest, Chapman L. Sanford, Roy F. Cangelosi, Jr., John V. Parker, Ben R. Downing, Jr., Baton Rouge, La., for appellees.

Before COLEMAN, GOLDBERG, and MORGAN, Circuit Judges.

PER CURIAM:

Title VIII of the Civil Rights Act of 1968, 42 U.S.C.A. § 3601 et seq., to provide for fair housing throughout the United States, was signed into law on April 11, 1968. As of that date the Title applied, inter alia, to "dwellings provided in whole or in part with the aid of loans, advances, grants, or contributions made by the Federal Government, under agreements entered into after November 20, 1962, unless payment due thereon has been made in full prior to April 11, 1968".

In the latter part of May, 1968, Paul J. Brown, a Negro, was unsuccessful for racial reasons, in his efforts to purchase a home in Baton Rouge, Louisiana, from some or all of the realtor-appellees in this case.

On July 22, 1968, the Attorney General, pursuant to 42 U.S.C.A. § 3613 [Section 813 of Title VIII of the Civil Rights Act of 1968], instituted this suit to enjoin further discrimination, on the basis of race, in the sale of certain dwellings.

The paramount legal issue was whether the dwellings in question were within in the coverage of the Act as the result of "contributions made by the Federal Government" because of F.H.A. and/or V.A. approval of the sites and dwellings, rendering them eligible for federally guaranteed loans to those who sought to purchase them.

On April 24, 1969, the District Court responded in the negative and granted summary judgment for the defendants.

In the meantime, on January 1, 1969, all sales of all houses by realtors came specifically within the coverage of the Act.

At the outset, therefore, we are confronted with whether this Court should decide a question which for fifteen months has been plainly settled by the mandate of the statute.

"To adjudicate a cause which no longer exists is a proceeding this Court uniformly has declined to entertain", Sears, Roebuck and Company v. Carpet, Linoleum, Soft Tile and Resilient Floor Covering Layers, Local Union No. 419, AFL–CIO, Supreme Court of the United States, No. 476, October Term, 1969, 397 U.S. 655, 90 S.Ct. 1299, 25 L.Ed.2d 637.

We do not pass upon the coverage of these particular dwellings prior to January 1, 1969. Since that date there has been no room for argument. The proof before the Court on the motion for summary judgment was, without dispute, that the realtors recognized coverage as of January 1, 1969, were in compliance therewith, and pledged themselves to remain in compliance [Transcript 132, 133].

In the exercise of our judicial discretion we, of course, could decide the issue and, if we answered in the affirmative, we could direct the injunction to issue as a guaranty of future compliance and as an example to others, but by operation of law the question has been resolved and the circumstances have changed. The record presages no future violation.

We, therefore, dismiss the appeal as moot and vacate the decision and direct its dismissal so that the judgment will spawn no legal consequences. Sears, Roebuck and Company v. Carpet, supra; Allen v. Johnson, 5 Cir., en banc, 1969, 413 F.2d 1218; Lebus v. Seafarer's International Union of North America, 5 Cir., 1968, 398 F.2d 281; Morrison Cafeteria Company of Nashville, Inc. v. Johnson, 6 Cir., 1965, 344 F.2d 690, and the numerous decisions of the Supreme Court therein cited; Fair v. Dekle, 5 Cir., 1966, 367 F.2d 377, cert. denied 386 U.S. 996, 87 S.Ct. 1316, 18 L.Ed.2d 344, rehearing denied 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864; Moran v. Carswell, 5 Cir., 1967, 384 F.2d 720; Moon v. City of Athens, 5 Cir., 1967, 374 F.2d 887.[1]

The judgment below is vacated and the case is remanded to the District Court with directions to dismiss the proceedings as moot.

Vacated, remanded with directions.

---

[1]. The appellant complains of certain declarations made by the District Judge from the Bench while hearing the motion for summary judgment as to how he expected to rule on certain evidentiary items if the case came to a hearing on the merits. There was no hearing on the merits; the rulings were never made. Hence, we do not consider these matters.