**TERMINAL FREIGHT COOPERATIVE ASSOCIATION and Terminal Freight Handling Company, Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 18948.**

United States Court of Appeals, Third Circuit.

Argued Feb. 4, 1971.

Decided Aug. 30, 1971.

John W. Pelino, Pelino, Wasserstrom & Chucas, Philadelphia, Pa. (Borovsky, Ehrlich & Kronenberg, Chicago, Ill., Morris L. Chucas, Philadelphia, Pa., Jerry Kronenberg, Chicago, Ill., on the brief), for petitioners.

Marvin Roth, Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Glen M. Bendixsen, Chief of Special Litigation, Michael F. Rosenblum, Atty., N.L.R.B., on the brief), for respondent.

Before McLAUGHLIN and VAN DU-SEN, Circuit Judges, and HANNUM, District Judge.

OPINION OF THE COURT

McLAUGHLIN, Circuit Judge.

The Terminal Freight Cooperative Association (hereinafter referred to as Association) and Terminal Freight Handling Company (hereinafter referred to as Company) seek review of the refusal of the National Labor Relations Board to grant them, as the charging parties, an evidentiary hearing on their objections to an informal agreement between the Regional Director and the International Association of Machinists District Lodge No. 1 (hereinafter called the Union). The facts of the case are not complicated, the only question is one of law.

The Association is composed of more than forty multistate companies engaged in major defense contracting, retailing, etc. Petitioner Company is an operating company which conducts operations for the Association at more than forty terminals throughout the United States. The Union does not represent any of petitioners' employees. It does represent some of the employees of Sears, Roebuck and Company, one of the Association's members in the Philadelphia area. During a strike against Sears, Roebuck and Company, the Union began picketing petitioners' premises in the Philadelphia area.

Two days later, on April 18, 1969, petitioners filed an unfair labor practice charge against the Union with the Regional Director of the Fourth Region of the National Labor Relations Board. After investigating the charge and upon determination that there was reasonable cause to believe it true, the Regional Director, on April 24, 1969, filed a petition pursuant to Section 10(*l*) of the National Labor Relations Act, as amended (29 U.S.C.A. Sec. 160(*l*), hereinafter called the Act) for the appropriate injunctive relief. On the same day a temporary restraining order enjoining the Union's alleged secondary activity was obtained.

A hearing was set for April 29, 1969. The hearing was never held; prior to

the time scheduled for it, the Union and the Regional Director, over the objections of the petitioners, entered into a stipulation providing for the cessation of the Union's alleged violation of the Act. The stipulation, however, was not to be construed as an admission of guilt. The stipulation provided a method of reinstating the temporary restraining order if said stipulation was violated by the Union. The stipulation was approved by the district court judge, over the objections of the appellants. That decision was appealed. While the appeal was pending, the underlying labor dispute was settled and the appeal was dismissed as being moot. See Samoff for and on Behalf of National Labor Relations Board v. International Association of Machinists District Lodge No. 1, 420 F.2d 952 (3 Cir. 1969), cert. denied, Terminal Freight Co-op. Ass'n v. Samoff, 398 U.S. 965, 90 S.Ct. 2171, 26 L. Ed.2d 548.

Shortly after the district court's ruling and while the appeal was still pending, the Union executed an informal settlement agreement concerning the unfair labor charge. By this proposed settlement the Union agreed to post notices for sixty days stating that it would cease its alleged secondary activity. The settlement also provided for the submission of the notices to the employers whose employees were involved in the secondary activity regarding the posting at their places of business. Finally, a disclaimer clause, i. e., a statement that the Union did not admit violation of the Act, was contained in the agreement.

On May 23, 1969, appellants filed detailed objections to the proposed agreement and requested a hearing on these objections. Some of the objections were the inclusion of the disclaimer clause; that the notice was improperly and ineffectively worded, and that the posting of said notices should be supplemented by mailing a copy of same to all members of the Union and to Teamsters Local No. 107, which union appellants alleged also participated in the secondary activity. Approximately seven months thereafter on December 12, 1969, the Regional Director dismissed the objections and advised petitioners that he was not issuing a complaint and therefore their request for a formal hearing was denied and the settlement agreement which he had previously accepted would stand.

The decision of the Regional Director was appealed to the General Counsel of the National Labor Relations Board in Washington, D.C. It was denied. A subsequent appeal was taken to the National Labor Relations Board which denied the appeal on the grounds that the General Counsel had acted within the ambit of his unreviewable discretion in not issuing a complaint, therefore, the case had not been transferred to the Board for further action or review. A subsequent motion for reconsideration was denied. Petitioners then appealed to this court.

We are called upon to determine whether petitioners as the charging parties are entitled to an evidentiary hearing based on their objections to the informal settlement between the Regional Director and the Union. We have previously held that a charging party is entitled to an evidentiary hearing upon its objections to a proposed settlement agreement, be it formal or informal, once a complaint has been issued. See Marine Engineers' Beneficial Ass'n No. 13 v. N. L. R. B., 202 F.2d 546 (3 Cir. 1953), cert. denied, 346 U.S. 819, 74 S. Ct. 32, 98 L.Ed. 345; Leeds & Northrup Co. v. N. L. R. B., 357 F.2d 527 (3 Cir. 1966). The court in both these cases was careful to include in its decision that the charging party had standing for this hearing *after* the complaint was issued. In the present claim no complaint was issued.

Section 3(d) of the Act provides that "The General Counsel of the Board shall exercise general supervision over all attorneys employed by the Board (other than trial examiners and legal assistants to Board members) and over the officers and employees in the regional offices. He shall have final authority,

on behalf of the Board, in respect of the investigation of charges and issuance of complaints * * * and in respect of the prosecution of such complaints before the Board, * * *." 29 U.S.C.A. § 153(d). The courts have held that they have no power over the General Counsel to compel him to issue a complaint. See Hourihan v. N. L. R. B., 91 U.S.App.D.C. 316, 201 F.2d 187 (1953), cert. denied, 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1359. Also, the Supreme Court has stated that " * * * the Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint." See Vaca v. Sipes, 386 U.S. 171, 182, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1967). In the instance before us the General Counsel did not issue a complaint, nor can we compel him to do so. Since a complaint is necessary before we can have an evidentiary hearing, it follows that we cannot order one at this time.

■ Appellants urge that the decision of the Regional Director, as agent of the General Counsel, is reviewable since pursuant to Section 10(*l*) of the Act he sought injunctive relief. That provision states "If, after such investigation, the officer or regional attorney to whom the matter may be referred has reasonable cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any United States district court * * * for appropriate injunctive relief pending final adjudication of the Board with respect to such matter * * *." The Regional Director in the course of the petition for injunction did state that " * * * a complaint of the Board based on said charge should issue against respondent pursuant to Section 10(b) of the Act." Appellants contend that the filing of the complaint is a mere ministerial act and that the petition for an interim injunction places the proceedings before the Board and is the equivalent of the complaint. We must disagree with this conclusion.

The injunctive proceedings allowed by Section 10(*l*) are an attempt by the National Labor Relations Act to provide an expeditious remedy to prevent a party from obtaining an unlawful result before the Board can consider the legality of the action in its ordinary course of business. To further this end Section 10(*l*) provides "Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4) (A), (B), or (C) of Section 158(b) of this title, or section 158(e) of this title or section 158(b) (7) of this title, the preliminary investigation of such charge shall be made forthwith and given priority over all other cases except cases of like character * * *." U.S.C.A. 29 § 160(*l*). This section then goes on to state that if after the investigation, the regional attorney has reasonable cause to believe the charge is true, he should seek the appropriate injunctive relief. The purpose of this relief is to maintain the status quo pending final adjudication by the Board with respect to the unfair labor charge. See Local Joint Board, Hotel and Restaurant Emp., etc. v. Sperry, 323 F.2d 75 (8th Cir. 1963); Schauffler for and on Behalf of National Labor Relations Board v. Local 1291, International Longshoremen's Association, 292 F.2d 182 (3rd Cir. 1961); Schauffler v. United Association of Journeymen, etc., 218 F.2d 476 (3rd Cir. 1955). The court in determining if it should grant injunctive relief is not called upon to decide whether a violation of the Act has been committed. The ultimate determination of this question is reserved exclusively for the National Labor Relations Board. The district court in passing upon the relief requested, decides merely whether there was reasonable cause to believe that a violation of the Act had been committed and whether the sought for equitable relief is the proper remedy. See Kennedy v. Sheet Metal Workers Int. Ass'n Local 108, 289 F.Supp. 65 (C. D.Cal.1968); Schauffler v. Highway Truck Drivers & Helpers, 230 F.2d 7 (3rd Cir. 1956).

■ The Supreme Court in deciding a Section 10(*l*) proceeding was complete

in itself stated " * * * § 10(*l*) which is designed to assist a preliminary investigation of the charges before the filing of a complaint * * *. Such proceeding is independent of that on the merits under § 10(a–d). There is a separate provision for securing injunctive relief after the filing of the complaint. § 10(j) * * *." N. L. R. B. v. Denver Building & Construction Trades Council et al., 341 U.S. 675, 682, 71 S.Ct. 943, 948, 95 L.Ed. 1284 (1951). "The legislative history makes clear that the purpose of enacting § 10(*l*) in 1947 was simply to supplement the pre-existing § 10(e) power of the Board by authorizing injunctive relief prior to Board action." Sears, Roebuck and Company v. Carpet, Linoleum, Soft Tile and Resilient Floor Covering Layers, Local Union No. 419, A.F.L.–C.I.O., 397 U.S. 655, 658, 90 S.Ct. 1299, 25 L.Ed.2d 637 (1970). Certainly the language of these opinions makes it very clear that a Section 10(*l*) proceeding is an independent action brought only to maintain the status quo and that the decision of the district court is not binding upon the Board in resolving the ultimate outcome of the unfair labor charge. Obviously further action must be initiated by the General Counsel or his representative, since the Section 10(*l*) proceeding is only an interlocutory action pending additional proceedings before the Board.

The rules and regulations as promulgated by the National Labor Relations Board unmistakably point out that the filing of a complaint is necessary if additional remedy is sought after a Section 10(*l*) request for injunctive relief. "Whenever the regional attorney or other Board officer to whom the matter may be referred seeks injunctive relief of a district court pursuant to section 10(*l*) of the act, a complaint against the party or parties sought to be enjoined, * * * shall be issued promptly, normally within 5 days of the date upon which such injunctive relief is first sought. * * *" 29 C.F.R. 102.96. The wording of this regulation demonstrates that the Board insists that a complaint be issued. Since the regulation does not demand an immediate filing of a complaint, but allows a period of time, "normally within 5 days" it would not be logical to hold that if an agreement were worked out within that time, the General Counsel must still file the complaint. To so conclude would hinder any attempt at a negotiated settlement prior to filing the complaint.

In the situation here, while the Regional Director as agent of the General Counsel did not obtain a full one hundred percent paper result, he did achieve his basic objectives. The illegal picketing was stopped immediately. The agreement between the Union and the Regional Director provided that if picketing is resumed, the charge against the Union could be reopened. The issue of the illegal picketing was satisfactorily disposed of by the Regional Director's insistence upon arbitration which was helped along by his wisdom in allowing the Union's attempts at face saving in again mentioning its rejected contention that its secondary picketing was not illegal.

For the reasons stated the petition for review is denied. Our decision makes it unnecessary to pass upon the prior motion to dismiss in this matter.