Bernard SAMOFF, Regional Director of the Fourth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD

v.

WILLIAMSPORT BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL–CIO, Appellant in 19204,

and

Local 812, International Brotherhood of Electrical Workers, AFL–CIO.

Appeal of LOCAL 812, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, in 19205.

Nos. 19204, 19205.

United States Court of Appeals, Third Circuit.

Argued May 4, 1971.

Decided Oct. 18, 1971.

---

Michael Brodie, Pechner, Sacks, Cantor & Dorfman, Philadelphia, Pa., for appellants.

Charles Both, N.L.R.B., Washington, D. C., for appellee.

Before KALODNER, VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

The District Court, by Order dated May 25, 1970, issued a temporary injunction against the appellant unions in proceedings instituted by the appellee Regional Director of the NLRB, pursuant to § 10(*l*) of the National Labor Relations Board Act, as amended.[1] The temporary injunction restrained the appellants from engaging in unfair labor practices in violation of § 8(b)(4)(i), (ii)(B) of the Act,[2] which prohibits certain types of secondary boycotts until final adjudication by the National Labor Relations Board of pending charges relating to such practices.

The appellants have appealed from the District Court's Order granting injunctive relief. They have also appealed from an Order of the District Court denying their application "to compel" the Regional Director to answer certain questions which he refused to answer during the taking of his deposition prior to the hearing on the injunction petition. The appellants contend that the denial of their application was an "unreasonable restriction" of discovery procedures available to them under the Federal Rules of Civil Procedure which so

impeded their defense in the injunction action as to constitute prejudicial error.

The stated contention presents the critical question whether the District Court, under the prevailing circumstances, committed prejudicial error in refusing to compel the Regional Director to answer certain questions during the prehearing deposition.

Relevant to the resolution of this issue are these undisputed facts:

The Regional Director filed his petition for temporary injunction on April 9, 1970. On April 10, 1970, the District Court issued an order directing, *inter alia*, the appellants to answer the petition and to appear before the Court on April 24, 1970 to show cause why they should not be enjoined as requested in the petition.

On April 17, 1970, the appellants filed a Notice for the taking of the oral deposition of the Regional Director on April 21, 1970, pursuant to Rule 26 F.R.Civ.P. The Notice requested the production of "such documents in his file as he believes support the allegation of the Petition that the Petitioner has reasonable cause to believe that Respondents have violated" § 8(b)(4)(B) of the National Labor Relations Act. No subpoena was issued to compel his appearance, as provided for by Rule 45(a) and (b) F.R. Civ.P. The Director appeared for the taking of his deposition. He, however, refused to answer certain questions,[3] which appellants contend were asked "for the purpose of discovering both the facts on which the Regional Director intended to rely and such additional facts, known to him, as might have aided the Union in its defense. * * *"

On April 23, 1970, the appellants filed with the District Court an "Application For Order Under Rule 37(a) F.R.C.P."

---

1. 29 U.S.C.A. § 160(*l*).

2. 29 U.S.C.A. § 158(b) (i), (ii) (B).

3. The Director here says that his refusal to answer certain questions was premised on the grounds "that the questions were improper in that they were addressed to matters relating to the investigation conducted by the Director's office, internal communications of Agency personnel, inquired into the mental process of the Director, and were irrelevant and immaterial and requested disclosure of privileged information."

which asked the Court "to compel" the Director to answer the questions he had refused to answer. Oral argument was heard on this Application on April 24, 1970, and the Court reserved decision.

The injunction hearing proceeded on April 24, 1970, when the Director presented the testimony of his witnesses in support of his injunction petition. The Director's witnesses were subjected to extensive cross-examination by the appellants. The hearing was then continued to May 1, 1970, to permit the appellants three days to prepare their defense in light of the testimony presented by the Director. The appellants presented their testimony on May 1, 1970. On May 24, 1970, the District Court, as earlier stated, filed an Order granting the temporary injunction, and the Order denying the appellants' Application "to compel" the Director to answer the questions which he had refused to answer when his deposition was taken on April 21, 1970.

The District Court, in its Opinion at 313 F.Supp. 1105 (M.D.Pa.1970), after ruling that discovery was available to respondents in a § 10(*l*) temporary injunction proceeding, and that the Director did not contend to the contrary, said (P. 1109):

"* * * The petition filed by the government had sufficient clarity upon which respondents could have prepared an adequate defense. Respondents heard all of the petitioner's testimony and their counsel fully cross-examined petitioner's witnesses three days before they were obliged to defend the case. In consequence, the court concludes that sufficient discovery had been made available to the respondents, and considering the necessity of expeditious proceedings, no further discovery was necessary. * * *"

■ On review of the record we are of the opinion that the District Court, under the prevailing circumstances, act-ed within the scope of its permissible discretion in denying the appellants' Application to compel the Director to answer the questions he refused to answer when his deposition was taken.

As we recently said:

"The injunctive proceedings allowed by Section 10(*l*) are an attempt by the National Labor Relations Act to provide an expeditious remedy to prevent a party from obtaining an unlawful result before the Board can consider the legality of the action in its ordinary course of business." Terminal Freight Cooperative Association and Terminal Freight Handling Company v. National Labor Relations Board, 447 F.2d 1099, 1102 (decided August 30, 1971).

The scheme of Section 10(*l*) would be thwarted and frustrated if a District Court, in such a proceeding, should be stripped of its general right to exercise its discretion with respect to the administration of the discovery rules.

There remains this to be said with respect to the appeals from the District Court's Order granting the temporary injunction.

■ The scope of our review as to these appeals is limited to two considerations:[4]

(1) Was the District Court clearly erroneous under Rule 52(a) F.R.Civ. P., 28 U.S.C.A., in its finding that the Regional Director had reasonable cause to believe that the appellant unions had engaged in unfair labor practice or practices?; and

(2) Did the District Court abuse its judicial discretion in issuing the temporary injunction?

On review of the record we cannot say that the District Court was "clearly erroneous" in its fact-finding that there was "reasonable cause" to believe that the appellant unions were engaged in acts and conduct in violation of § 8(b)(4)(i), (ii)(B). Nor can we say

---

4. Cuneo v. Local No. 825, International Union of Operating Engineers, AFL–CIO, 306 F.2d 394, 397 (3rd Cir. 1962).

that the District Court abused its discretion in issuing the temporary injunction in its Order of May 25, 1970. We note, parenthetically, that the appellants have not on their appeal from the stated Order attacked the District Court's findings of fact set forth in its Opinion.

For the reasons stated, the Orders of the District Court, entered May 25, 1970, will be affirmed.