Wilford W. JOHANSEN, Regional Director of Region 21 of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner-Appellant,

v.

QUEEN MARY RESTAURANT CORPORATION, and Q. M. Foods, Inc., Respondents-Appellees.

No. 74–2453.

United States Court of Appeals, Ninth Circuit.

Aug. 25, 1975.

Michael W. Josserand, Atty. (argued), N. L. R. B., Washington, D. C., for petitioner-appellant.

William R. Sweeney (argued), Torrance, Cal., for respondents-appellees.

## OPINION

Before TRASK and CHOY, Circuit Judges, and von der HEYDT,* District Judge.

PER CURIAM:

The National Labor Relations Board filed a complaint and amended complaint against Queen Mary Restaurant Corp. and Q. M. Foods, Inc., alleging violations of section 8(a)(1), (3), (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (3), (5), and seeking certain orders. A hearing before an administrative law judge of the NLRB on the amended complaint was held between January 23 and February 19, 1974. On March 28, 1974, petitioner filed an application for an injunction under section 10(j) of the Act, 29 U.S.C. § 160(j), in the district court. On May 20, 1974, after a hearing, the district court issued its order denying the injunction. The NLRB appealed from that order, and that appeal is now before this court. On July 30, 1975, the Board rendered its decision on the unfair labor practices complaint.

■ Generally courts issue section 10(j) injunctions only to preserve the status quo while the parties are awaiting a resolution of their basic dispute by the Board. *McLeod v. General Electric Co.,* 366 F.2d 847, 850 (2d Cir. 1966), *vacated as moot,* 385 U.S. 533, 87 S.Ct. 637, 17 L.Ed.2d 588 (1967). The parties are in accord that the decision of the Board of July 30, 1975, has rendered the resolution of the injunction proceeding moot. We agree. The Board's decision and order on the unfair labor practices complaint are now independently on review. In *Sears, Roebuck & Co. v. Carpet Layers,* 397 U.S. 655, 90 S.Ct. 1299, 25 L.Ed.2d 637 (1970), the Supreme Court held that under circumstances such as these an injunction is only authorized, if at all, pending the final adjudication by the Board on the complaint on its merits. *Id.* at 658, 90 S.Ct. 1299. *See* 29 U.S.C. § 160(*l*). *See also United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

The judgment of the district court is therefore vacated, and the case is remanded with directions to dismiss the complaint as moot.

It is so ordered.

---

* Honorable James A. von der Heydt, United States District Judge, for the District of Alaska, sitting by designation.