Robert S. FUCHS, Regional Director of the First Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner, Appellant,

v.

HOOD INDUSTRIES, INC., and its wholly owned subsidiary, B & K Transportation, Inc., Respondents, Appellees.

No. 78–1504.

United States Court of Appeals, First Circuit.

Argued Dec. 6, 1978.

Decided Jan. 16, 1979.

David A. Colangelo, Atty., Alexandria, Va., with whom John S. Irving, Gen. Counsel, John E. Higgins, Deputy Gen. Counsel, Harold J. Datz, Associate Gen. Counsel, Joseph E. Mayer, Asst. Gen. Counsel, and John W. Hornbeck, Atty., Washington, D. C., were on brief, for petitioner, appellant.

Harold N. Mack, Boston, Mass., with whom Morgan, Brown, Kearns & Joy, Boston, Mass., was on brief, for respondents, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

This case is before us on appeal from the district court's stay, pending decision by

an administrative law judge in an underlying unfair labor practice proceeding, of proceedings on a petition for a temporary injunction sought by the Regional Director of the First Region of the National Labor Relations Board, under section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j). Although a stay of an action pending the outcome of agency proceedings ·for the purpose of achieving economy of litigation is, as a general rule, not an appealable final order, *see* 9 Moore's Federal Practice ¶ 110.20[4.–3] at 252–53, "a limited review of the stay order is appropriate to determine whether it so exceeds the bounds of discretion that relief by mandamus may be justified . . . ." *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 878 (1st Cir. 1977).[1] Because we find that the district court exceeded its discretion by staying the Board's § 10(j) petition, the stay is vacated and the case remanded for further proceedings consistent with this opinion.

The events leading to this dispute began with the filing of unfair labor charges by Teamsters Local 25 (the "Union") against Hood Industries, Inc., and its wholly owned subsidiary (the "Employer"), alleging that the Employer had violated section 8(a)(1), (3) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (3), (5), by interfering with employees in the exercise of their protected rights, by discriminatorily discharging four employees for their union activities, and by refusing to bargain collectively with the certified Union. The Regional Director of the Board investigated these charges and then issued a complaint pursuant to section 10(b) of the Act.

Several days later, the Regional Director, after obtaining Board authorization, filed a petition for a temporary injunction in the district court, pursuant to section 10(j) of the Act. That section, designed to prevent persons from accomplishing an unlawful and perhaps irremedial objective during the lengthy administrative process, *see* S.Rep. No. 105, 80th Cong., 1st Sess. (1947), pp. 8, 27, provides that:

"The Board shall have power, upon issuance of a complaint as provided in subsection (b) charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition, the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper."

The Employer responded by filing a motion for a stay of the § 10(j) proceedings "indefinitely for reasons of sound judicial administration", noting that a hearing on the underlying unfair labor practice charges, before an administrative law judge, which ultimately would resolve the dispute, was scheduled to begin in approximately five weeks. On September 26, the court, without holding a hearing of any kind or explaining the grounds for its order, granted the Employer's motion and stayed the § 10(j) proceedings. The Board then filed a motion for clarification of that order, stating that if the court had intended to stay the § 10(j) proceeding only until the administrative law judge had completed his hearing, the Board would not contest the order.[2] If, however, the court intended to stay the proceedings until the ALJ rendered his decision, an event unlikely to occur until

1. In addition, jurisdiction may be grounded in this case on 28 U.S.C. § 1292(a)(1) because, for the reasons developed in this opinion, the stay of the § 10(j) petition for an injunction operated in effect as a denial of the injunction during a substantial portion of the time § 10(j) relief is intended to operate, between the filing of a · complaint by the Board and its final decision and order. *See Cedar Coal Co. v. United Mine Workers of America*, 560 F.2d 1153, 1161 (4th Cir. 1977).

2. The Board considered it a proper exercise of the court's jurisdiction to await the record of the administrative hearing that was soon to take place, for purposes of facilitating its review of the § 10(j) petition.

March, 1979, the stay, according to the Board, "would conflict with Congress' purpose in enacting section 10(j) of the Act". On October 24, the court docketed this clarification: "This matter is stayed until the administrative law judge renders his decision and recommended order. Petitioner may renew his petition for injunctive relief at that time if he feels it to be necessary". The Board appeals from that order.

The Board contends that the court below erred by thus staying its § 10(j) petition, without first holding a hearing of some kind, and considering, and then making findings on the merits of that petition. We agree. The injunctive relief provided for in section 10(j) is interlocutory in nature; it is designed to fill the considerable time gap between the filing of a complaint by the Board and issuance of its final decision, in those cases in which considerable harm may occur in the interim. *See Sears, Roebuck Co. v. Carpet, etc., Layers, Local Union No. 419, AFL–CIO*, 397 U.S. 655, 658–59 & n. 5, 90 S.Ct. 1299, 25 L.Ed.2d 637 (1970); *Squillacote v. Local 248*, 534 F.2d 735, 743–44 (7th Cir. 1976). By declining even to review the petition before the administrative law judge renders his decision, probably no earlier than March, 1979, the court in effect summarily denied the petition for the duration of much of its useful life.

Section 10(i) of the Act, 29 U.S.C. § 160(i), states that "[p]etitions filed under this Act . . . shall be heard expeditiously, and if possible within [10] days after they have been docketed", and case law has articulated the court's task in reviewing such a petition for temporary relief under the Act. The court must determine whether the Board has reasonable cause to believe that the Act has been violated and whether "temporary injunctive relief is 'just and proper' in terms of effectuating the purposes of the Act." *See Union de Tronquistas de Puerto Rico, Local 901 v. Arlook*, 586 F.2d 872 at 876 (1st Cir. 1978); *Squillacote v. Local 248, supra*, 534 F.2d at 743–44. Applying these principles to the case at hand, the Board maintains that an interim order must be entered reinstating the dis-

charged employees before the Employer has so altered his business that a remedial order by the Board would be impossible to effectuate and requiring the Employer to bargain with the Union, lest the Union's strength be dissipated further by the alleged unfair labor practices. The Employer vigorously contests both the alleged commission of unfair labor practices and the need for the unusual remedy of § 10(j) relief.

The merits of the § 10(j) petition are not presently before us. Accordingly, we do not suggest that on the facts of this case the petition should have been granted, *compare Angle v. Sacks*, 382 F.2d 655, 660 (10th Cir. 1967), *with Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1192–93 (5th Cir. 1975), *and NLRB v. Aerovox Corp. of Myrtle Beach, South Carolina*, 389 F.2d 475, 477 (4th Cir. 1967), but only that the court may not frustrate the intent of Congress in promulgating § 10(j) by refusing to consider the petition until after the administrative law judge has rendered his decision, a significant portion of the time during which temporary relief, in the appropriate case, was designed to be in effect.

We recognize that the district court may have feared that it could make no reasoned judgment without holding a full evidentiary hearing similar to that which was soon to commence before the administrative law judge. There are several answers to this understandable concern in times when district courts are badly overburdened. First, the court's function in reviewing a § 10(j) petition is a limited one, that of "determin[ing] . . . whether contested factual issues could ultimately be resolved by the Board in favor of the General Counsel", and as a result, the need for an evidentiary hearing, as opposed to reliance on affidavits and stipulated facts, will vary from case to case. *Squillacote v. Graphic Arts International Union*, 540 F.2d 853, 860 (7th Cir. 1976); *see Squillacote v. Local 248, supra*, 534 F.2d at 748–50; *Eisenberg v. Hartz Mountain Corp.*, 519 F.2d 138, 143 n. 5 (3d Cir. 1975); *Kennedy v. Teamsters Local 542*, 443 F.2d 627, 630 (9th Cir. 1971).

Second, the Board offered to permit the court in this case to await receipt of the administrative record. Such a record, now apparently available, could be of considerable assistance in expediting the work of the court, which now must develop a record and make findings which would be capable of review.

*The stay of the district court is vacated and the case remanded for prompt determination of the § 10(j) petition.*