**CHECKER TAXI COMPANY, INC. et al., Plaintiffs,**

**v.**

**The NATIONAL PRODUCTION WORKERS UNION et al., Defendants.**

**No. 80 C 6573.**

United States District Court, N. D. Illinois, E. D.

Feb. 25, 1981.

Joel H. Kaplan, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiffs.

Anthony J. Pinelli and William F. Lennon, Chicago, Ill., for defendants.

**MEMORANDUM OPINION AND ORDER**

SHADUR, District Judge.

Checker Taxi Company, Inc. and Yellow Cab Company, Inc., have sued Na-

tional Production Workers Union and Production Workers Union of Chicago and Vicinity, Local 707, for compensatory and punitive damages, claiming an alleged illegal secondary boycott by defendants. Defendants have moved to dismiss the action as barred by res judicata or, alternatively, that it be transferred to Judge Prentice Marshall.[1] For the reasons stated in this memorandum opinion and order, defendants' motion is denied.

Defendants' motion rests totally on the denial of a preliminary injunction sought against them in an action raising factual and legal questions identical to at least some of those involved here, brought by the Regional Director of the NLRB as the result of a petition in which plaintiffs were the charging parties. For either res judicata or collateral estoppel to apply, the prior action must have involved either the same parties or their privies, subject to the recently expanded offensive and defensive use of collateral estoppel. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5, 99 S.Ct. 645, 649 n.5, 58 L.Ed.2d 552 (1979).

Here the parties to the prior action were literally not identical to those in this case. Defendants have not adduced a single authority to support the proposition that plaintiffs were in privity with the NLRB, in the legal sense necessary for application of res judicata or collateral estoppel principles. Inherent in the concept of privity is a binding relationship between the two sets of parties, or a degree of control of the earlier litigation, that is totally absent here. Section 10(a) of the Labor Management Relations Act, 29 U.S.C. § 160(a), vests the power to act *solely* in the NLRB's counsel. It does *not* give the charging party the status of a full party

litigant. *Solien v. Miscellaneous Drivers and Helpers Union*, 440 F.2d 124, 129, 130 (8th Cir. 1971), *cert. denied*, 403 U.S. 905, 91 S.Ct. 2206, 29 L.Ed.2d 680 (1971). Thus the limited rights afforded the charging party (and, indeed, to "any person involved in the charge"), "to appear by counsel and present any relevant testimony" have been specifically distinguished from the classic rights available only to full parties litigant. *Sears, Roebuck & Co. v. Carpet, Linoleum, Soft Tile & Resilient Floor Layers*, 410 F.2d 1148, 1150–51 (10th Cir. 1969), *vacated on other grounds*, 397 U.S. 665, 90 S.Ct. 1299, 25 L.Ed.2d 637 (1970).

Defendants' sole case law reliance, *TRW, Inc. v. Ellipse Corp.*, 495 F.2d 314, 317–18 (7th Cir. 1974), is inapposite. Indeed it tends to confirm that the lesser degree of involvement represented by plaintiffs' status as charging parties in the prior action did not rise to the level required for res judicata or collateral estoppel to apply.

It is therefore unnecessary for this Court to determine just what effect Judge Marshall's prior denial of preliminary injunctive relief might have in the issue preclusion (collateral estoppel) sense.[2] Accordingly the Court also need not deal with plaintiffs' attack on the merits of Judge Marshall's decision (an attack both gratuitous and unseemly in the context of the present motion).

### Conclusion

Defendants' motion to dismiss the action is denied. Defendants are ordered to answer the Complaint on or before March 10, 1981.

---

1. This Court denied the alternative motion orally when it was first presented and a briefing schedule was established on the motion to dismiss. Because Judge Marshall's earlier case to which defendants refer, *Crawford v. Production Workers Union, Local 70, et al.*, 80 C 4819, is not a *pending* case, this action does not qualify for transfer under the "related case" provisions of this District Court's Local Rule 2.21 D(1), and none of the other narrow exceptions to our

District Court's jealously guarded principle of random assignment of cases applies.

2. Plaintiffs cite a number of authorities on the res judicata question posed by the two proceedings, but only one that appears to deal with the issue-preclusion question. *NLRB v. Acker Industries, Inc.*, 460 F.2d 649, 652 (10th Cir. 1972).