**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4156**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MCALLEN MATHURIM, a/k/a McAllen Mathurin,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., Senior District Judge.  (2:05-cr-00095-HCM)

———————————

Submitted:  August 18, 2006       Decided:  September 6, 2006

———————————

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Sterling H. Weaver, Sr., WEAVER LAW OFFICES, Portsmouth, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Andrew M. Robbins, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

McAllen Mathurim appeals his conviction of one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). On appeal, Mathurim argues that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to sustain the jury's verdict. We affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of the defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in

the testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

The elements of a violation of § 922(g)(1) are that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce."  United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).  Mathurim stipulated to a prior felony conviction and to the interstate or foreign commerce element, disputing only the knowing possession element.  Possession may be actual or constructive.  United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992).  A person has constructive possession of an item if he knows of its presence and exercises or has the power to exercise dominion and control over it.  United States v. Scott, 424 F.3d 431, 435 (4th Cir.), cert. denied, 126 S. Ct. 779 (2005).  Possession may be established by circumstantial evidence.  United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993).  Our review of the record leads us to conclude that the evidence presented to the jury was sufficient to prove that Mathurim possessed the firearm in question.

We therefore affirm Mathurim's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED