Alex V. BARBOUR, Regional Director, etc., Petitioner-Appellant-Cross Appellee,

v.

CENTRAL CARTAGE, INC., Respondent-Appellee-Cross Appellant.

Nos. 77–2249, 77–2250.

United States Court of Appeals, Seventh Circuit.

Heard April 27, 1978.

Decided Aug. 18, 1978.

John W. Hornbeck, N. L. R. B., Washington, D. C., for NLRB, petitioner-appellant, cross-appellee.

Robert A. Sullivan, Northville, Mich., for Central Cartage, respondent-appellee, cross-appellant.

Before CUMMINGS, Circuit Judge, MILLER, Judge,* and TONE, Circuit Judge.

PER CURIAM.

In October 1977, the district court entered an order denying the National Labor Relations Board's request for affirmative temporary injunctive relief pursuant to Section 10(j) of the National Labor Relations Act (29 U.S.C. § 160(j))[1] and granting its request for other temporary injunctive relief. Both the Board and Central Cartage, Inc. (the Company) against whom relief was sought have appealed.

The dispute between the Company and the Board grew out of an organizational campaign in late 1976 and early 1977 by Teamsters Local 710 at the Company's ship-

---

* The Hon. Jack R. Miller, United States Court of Customs and Patent Appeals, sitting by designation.

1. That Section provides:

    Injunctions

    (j) The Board shall have power, upon issuance of a complaint as provided in subsection (b) of this section charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper.

ping terminal at Hodgkins, Illinois. According to the Board, the Company responded to the Union's campaign with a textbook series of unfair labor practices, including coercive interrogations, promises and grants of benefits, threats and reprisals, discriminatory layoffs and discharges, and attempts to remove employees from the bargaining unit. The Board's Regional Director, Alex Barbour, therefore petitioned for temporary injunctive relief pursuant to Section 10(j) in May 1977. On August 1, 1977, Judge McGarr entered the order from which the Company appeals, finding reasonable cause to believe that the violations alleged had occurred and directing the Company to cease and desist from such conduct. After holding a further evidentiary hearing, the court refused to grant the Board's request for a bargaining order. The key issue raised by the briefs, a determination of the standards governing a district court's grant of injunctive relief under Section 10(j), is a source of controversy between the Circuits. Compare *Seeler v. Trading Port, Inc.*, 517 F.2d 33 (2d Cir. 1975) with *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185 (5th Cir. 1975), certiorari denied, 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385. See Comment, *The Use of Section 10(j) of the Labor-Management Relations Act in Employer Refusal to Bargain Cases*, 1976 U.Ill.L.F. 845.

While as the Board suggests guidance to the district courts on this issue would be helpful, we do not address the substantive issues in the case because we hold that the controversy is moot. On June 29, 1978, the Board issued its decision and order in the underlying unfair labor practice cases ordering the Company to bargain with the Union. See 236 N.L.R.B. No. 163. In similar circumstances, in a case brought under Section 10(*l*) of the Act (29 U.S.C. § 160(*l*))[2] the Supreme Court has held the case moot because Section 10(*l*) relief is interlocutory and is designed only to provide relief until the Board's disposition of the unfair labor practice charges. *Sears, Roebuck & Co. v. Carpet Layers Union*, 397 U.S. 655, 90 S.Ct. 1299, 25 L.Ed.2d 637. The Court reasoned that the language of the Section, its legislative history and the policies of the act refuted Sears' argument that injunctive relief under Section 10(*l*) remains in effect until the Board's order with respect to the underlying unfair labor practice is either enforced or denied enforcement in the courts.

Since *Sears*, apparently only one court has faced the question of whether a Section 10(j) injunction also lapses upon the Board's order, and it applied the rule used in *Sears* without discussing potential differences between Section 10(j) and Section 10(*l*). *Johansen v. Queen Mary Restaurant Corp.*, 522 F.2d 6 (9th Cir. 1975). It could be argued that the term of a Section 10(j) injunction can extend until the final disposition of the unfair labor practice charges after review in the courts[3] because unlike Section 10(*l*), Section 10(j) has no language

2. That Section provides in pertinent part:

Boycotts and strikes to force recognition of uncertified labor organizations; injunctions; notice; service of process

(1) Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4)(A), (B), or (C) of section 158(b) of this title, or section 158(e) of this title or section 158(b)(7) of this title, the preliminary investigation of such charge shall be made forthwith and given priority over all other cases except cases of like character in the office where it is filed or to which it is referred. If, after such investigation, the officer or regional attorney to whom the matter may be referred has reasonable cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any United States district court within any district where the unfair labor practice in question has occurred, is alleged to have occurred, or wherein such person resides or transacts business, for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter. Upon the filing of any such petition the district court shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper, notwithstanding any other provision of law. * * *

3. The Board's petition in the present case sought an injunction "pending final disposition of the matters involved herein pending before the Board," but the district court's August 1 order did not include that potentially confusing limitation and instead purported to enjoin conduct "pending the final disposition of the matters involved now before this Court."

limiting the injunction to the period "pending the final adjudication of the Board with respect to such matter." However, while the language is not as clear as the language in Section 10(*l*), the legislative history and policies behind Section 10(j) indicate that injunctions entered pursuant to it also should last only until the Board's adjudication of the unfair labor practice charges. The legislative history cited by the Court in *Sears* to indicate that Congress intended Section 10(*l*) relief to lapse when the Board rules is equally applicable to Section 10(j), which was part of the same amendment. See 397 U.S. at 658 n. 5. As with Section 10(*l*), the availability of temporary relief under Section 10(e) after the Board rules makes extending a Section 10(j) injunction to that period unnecessary. Therefore we agree with the Ninth Circuit in *Johansen* that an appeal from a Section 10(j) injunction is moot once the Board rules on the underlying charges.

Mootness cannot be avoided here on the ground that this case is capable of repetition yet evading review under *Moore v. Ogilvie*, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1. The fact that two other circuits have been able to review cases of this type by itself would seem to disprove that "under no foreseeable circumstances could appellants obtain * * * review." *First National Bank of Boston v. Bellotti*, 435 U.S. 765, 98 S.Ct. 1407, 55 L.Ed.2d 707. Therefore this appeal is dismissed as moot and the cause is remanded to the district court so that it can vacate its previous judgment. See *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41, 71 S.Ct. 104, 95 L.Ed. 36.[4]

---

4. By letter, the Union involved in this case has informed us that the proceedings to review or enforce the Board's June 29 order are pending in the Sixth Circuit, and that the Union has sought intervention in those proceedings and a transfer of those proceedings to this Circuit. See 28 U.S.C. § 2112(a). While not making a formal motion, the Union suggests that this Court should retain jurisdiction of this appeal pending the possible transfer. Without implying any opinion on the merits of the transfer motion, we doubt our power to retain jurisdiction of a moot case for such a purpose and see no need to do so since a transfer by the Sixth Circuit would be sufficient to vest jurisdiction of the enforcement proceedings in this Court, assuming proper venue.