Quentin YOUNG, et al., Plaintiffs–Appellees,

v.

CITY OF CHICAGO, Defendant–Appellant.

Nos. 99–1712, 99–2503, 99–2855, 99–2856.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 13, 2000.

Decided Feb. 4, 2000.

Jane M. Whicher (submitted), Roger Baldwin Foundation of ACLU, Inc., Chicago, IL, for Quentin Young, M.D.

Edward T. Stein, Chicago, IL, for David Dellinger, Safiya Bukhari, Vernon Bellecourt, Kathleen Desautels and Not on the Guest List Coalition.

Michael J. Zarski, American Osteopathic Assoc., Chicago, IL, for Safiya Bukhari.

Neil S. Ament, Cohen, Cohen & Salk, Northbrook, IL, for Bluelilne Publishing, Inc.

Meera Werth, Office of the Corporation Counsel, Appeals Div., Chicago, IL, for City of Chicago.

Before POSNER, Chief Judge, and COFFEY and MANION, Circuit Judges.

PER CURIAM.

In 1996 the Democratic national convention was held in Chicago and the city authorities, determined to prevent a repetition of the riots that had occurred in 1968 (the last time the Democratic convention was held in Chicago), established a security perimeter around the convention center and excluded all protesters, in alleged violation of the First Amendment. Would-be demonstrators obtained an injunction against the City. The City waited until the convention was over before appealing the injunction, and we therefore dismissed the appeal as moot, the injunction having been limited to demonstrations at that convention. The plaintiffs then moved in the district court for, and obtained, an award of attorneys' fees. The City appeals from that award, arguing that since the suit became moot before a definitive determination of its merits by this court, the plaintiffs cannot obtain fees. Not so. A defendant cannot defeat a plaintiff's right to attorneys' fees by taking steps to moot the case after the plaintiff has obtained the relief he sought, for in

such a case mootness does not alter the plaintiff's status as a prevailing party. E.g., *National Black Police Ass'n v. District of Columbia Board of Elections & Ethics*, 168 F.3d 525, 528–29 (D.C.Cir. 1999); *Associated General Contractors of Connecticut, Inc. v. City of New Haven*, 41 F.3d 62, 68 and n. 9 (2d Cir.1994); *Martinez v. Wilson*, 32 F.3d 1415, 1422 n. 8 (9th Cir.1994); *Dahlem v. Board of Education*, 901 F.2d 1508, 1512 (10th Cir.1990); *Grano v. Barry*, 783 F.2d 1104, 1108–09 (D.C.Cir.1986); *Bishop v. Committee on Professional Ethics*, 686 F.2d 1278, 1289–91 (8th Cir.1982). And the amount sought here was reasonable.

AFFIRMED.