In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2410

Elizabeth Kinney, Regional Director of
Region 13 of the National Labor Relations Board,
for and on behalf of the National Labor Relations
Board,

Plaintiff-Appellant,

v.

Federal Security, Incorporated, and its
alter egos or agents, James R. Skrzypek
and Janice M. Skrzypek,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 838--Suzanne B. Conlon, Judge.

Submitted November 8, 2001--Decided November 27, 2001

Before Bauer, Ripple, and Williams, Circuit
Judges.

Per Curiam.  Elizabeth Kinney, regional
director of the National Labor Relations
Board, filed this action in the district
court against defendants Federal Security
and two of its principals (collectively,
"Federal Security") seeking a temporary
restraining order under section 10(j) of
the National Labor Relations Act, 29
U.S.C. 160(j), pending the Board's
resolution of an unfair labor practices
charge against Federal Security. The
district court denied the Board's
petition for an injunction and entered
judgment for Federal Security. Kinney
appealed.

After this appeal was filed, the Board
ruled on the unfair labor practices
charge. Kinney then filed a motion in
this court asserting that the Board's
resolution of the unfair labor practices
charge moots the appeal and asking that
we (1) vacate oral argument; (2) dismiss
the appeal as moot; and (3) remand the
case to the district court with
instructions to vacate the order denying
the petition for the 10(j) injunction and

to dismiss the petition. After requesting and receiving a response from Federal Security, we issued an order vacating oral argument. We now address Kinney'sremaining two requests.

The parties agree that the Board's resolution of the unfair labor practices charge moots the appeal. See Barbour v. Central Cartage, Inc., 583 F.2d 335, 336–37 (7th Cir. 1978). Kinney asserts that, because the appeal is moot, the district court's judgment must be vacated and the case dismissed, relying on United States v. Munsingwear, Inc., 340 U.S. 36, 39-41 (1950). Federal Security is concerned that vacatur of the district court's judgment could prejudice its right to seek fees under the Equal Access to Justice Act, 28 U.S.C. sec. 2412.

We agree with Kinney that the district court's judgment should be vacated and the case dismissed because the appeal is moot. See Barbour, 583 F.2d at 337. However, the mootness of the appeal and the vacatur of the district court's judgment does not preclude the district court's consideration of Federal Security's request for fees. See Young v. City of Chicago, 202 F.3d 1000 (7th Cir. 2000) (and cases cited therein); Williams v. Alioto, 625 F.2d 845, 847-48 (9th Cir. 1980). We express no opinion on the merits of such a request, which is for the district court to evaluate in the first instance.

Accordingly, the appeal is Dismissed and the case Remanded to the district court with directions to vacate its judgment and to dismiss as moot the Board's petition. On remand, the court may consider Federal Securities' request for fees and any other matters not inconsistent with this opinion.