272 F.3d 924 (7th Cir. 2001)
 Elizabeth Kinney, Regional Director of Region 13 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Plaintiff-Appellant,
v.
Federal Security, Incorporated, and its alter egos or agents, James R. Skrzypek and Janice M. Skrzypek, Defendants-Appellees.
 No. 01-2410
 United States Court of Appeals For the Seventh Circuit
 Submitted November 8, 2001
Decided November 27, 2001
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 01 C 838--Suzanne B. Conlon, Judge.
 Before Bauer, Ripple, and Williams, Circuit Judges.
 Per Curiam.
 
 
 1
 Elizabeth Kinney, regional director of the National Labor Relations Board, filed this action in the district court against defendants Federal Security and two of its principals (collectively, "Federal Security") seeking a temporary restraining order under section 10(j) of the National Labor Relations Act, 29 U.S.C. 160(j), pending the Board's resolution of an unfair labor practices charge against Federal Security. The district court denied the Board's petition for an injunction and entered judgment for Federal Security. Kinney appealed.
 
 
 2
 After this appeal was filed, the Board ruled on the unfair labor practices charge. Kinney then filed a motion in this court asserting that the Board's resolution of the unfair labor practices charge moots the appeal and asking that we (1) vacate oral argument; (2) dismiss the appeal as moot; and (3) remand the case to the district court with instructions to vacate the order denying the petition for the 10(j) injunction and to dismiss the petition. After requesting and receiving a response from Federal Security, we issued an order vacating oral argument. We now address Kinney's remaining two requests.
 
 
 3
 The parties agree that the Board's resolution of the unfair labor practices charge moots the appeal. See Barbour v. Central Cartage, Inc., 583 F.2d 335, 336- 37 (7th Cir. 1978). Kinney asserts that, because the appeal is moot, the district court's judgment must be vacated and the case dismissed, relying on United States v. Munsingwear, Inc., 340 U.S. 36, 39-41 (1950). Federal Security is concerned that vacatur of the district court's judgment could prejudice its right to seek fees under the Equal Access to Justice Act, 28 U.S.C. sec. 2412.
 
 
 4
 We agree with Kinney that the district court's judgment should be vacated and the case dismissed because the appeal is moot. See Barbour, 583 F.2d at 337. However, the mootness of the appeal and the vacatur of the district court's judgment does not preclude the district court's consideration of Federal Security's request for fees. See Young v. City of Chicago, 202 F.3d 1000 (7th Cir. 2000) (and cases cited therein); Williams v. Alioto, 625 F.2d 845, 847-48 (9th Cir. 1980). We express no opinion on the merits of such a request, which is for the district court to evaluate in the first instance.
 
 
 5
 Accordingly, the appeal is Dismissed and the case Remanded to the district court with directions to vacate its judgment and to dismiss as moot the Board's petition. On remand, the court may consider Federal Securities' request for fees and any other matters not inconsistent with this opinion.