United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10415

_____

SHENA MURPHY, Individually and as Next Friend to Terry Carter, a
Minor

Plaintiff - Appellee

v.

FORT WORTH INDEPENDENT SCHOOL DISTRICT; THOMAS TOCCO,
Superintendent

Defendants - Appellants

--------------------
Appeal from the United States District Court
for the Northern District of Texas

--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:

During the six-week period between the entry of the district
court's Memorandum Opinion and Order, Murphy v. Fort Worth
Independent School District, ___ F.Supp.2d ___, 2003 WL 1961327
(N.D. Tex. Apr. 24, 2003), and the submission of this appeal on
an expedited basis to our court, the high school senior, Terry
Carter, who is the subject of this appeal, graduated from high
school.  His graduation moots this appeal.  If a claim becomes
moot after the entry of a district court's judgment and prior to
the completion of appellate review, we generally vacate the
judgment and remand for dismissal.  United States v. Munsingwear,
Inc., 340 U.S. 36, 39 (1950) (observing that, where a case has

become moot on appeal, "[t]he established practice . . . is to reverse or vacate the judgment below and remand with a direction to dismiss").  Vacatur of the lower court's judgment is warranted only where mootness has occurred through happenstance, rather than through voluntary action of the losing party.  See Arizonans for Official English v. Arizona, 520 U.S. 43, 71 (1997) ("Vacatur is in order when mootness occurs through happenstance -- circumstances not attributable to the parties.").  Because the plaintiff's claims for declaratory and injunctive relief have become moot through happenstance, we vacate the district court's judgment and injunction.

On a related subject, whether the plaintiff is entitled to an attorney's fee for this appeal, we have held repeatedly that "a determination of mootness neither precludes nor is precluded by an award of attorneys' fees.  The attorneys' fees question turns instead on a wholly independent consideration: whether plaintiff is a 'prevailing party.'" Doe v. Marshall, 622 F.2d 118, 120 (5th Cir. 1980).  The plaintiff is clearly the prevailing party and is entitled under 42 U.S.C. § 1988 (2000) to a reasonable attorney's fee.  If the parties are unable to agree on the amount of such fee, the plaintiff shall submit an appropriate affidavit of counsel, the defendant shall have an opportunity to respond, and the court will determine the amount payable to counsel for the plaintiff.

The judgment and injunction entered by the district court is VACATED by reason of mootness.  The defendant is ORDERED to pay a reasonable attorney's fee for this appeal, the amount to be

determined by the court if the parties are unable to agree.