United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-21316
Summary Calendar

MAURICE TAYLOR,

Plaintiff-Appellant,

versus

JERRY GROOM, Chaplain Director,
AKBAR SHABAZZ, Islamic Chaplain,
DONALD KASPAR, Regional Chaplain,
JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2809
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Maurice Taylor brings this appeal to challenge the district court's dismissal for failure to state a claim of his equal-rights challenge to the grooming policy of the Texas prison in which he was incarcerated when he first filed this suit. He argues that he has raised a valid equal-protection claim, that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred in substituting Janie Cockrell for the defendants originally named in his complaint, and that the district court should have enforced this court's prior order that Cockrell bear part of the costs associated with his initial appeal. He also moves this court for the appointment of counsel; to issue a show cause order that directs Cockrell to pay the appellate costs she owes him; and to reconsider our prior dismissal of Cockrell's appeal, which was dismissed upon her motion. Cockrell moves this court to vacate that part of the district court's judgment relating to Taylor's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Several of Taylor's former fellow inmates move this court for leave to intervene in the suit, to certify it as a class action, and to join as plaintiffs.

Taylor has not briefed that portion of the district court's judgment holding that his claim for monetary damages was barred by Eleventh Amendment immunity. Accordingly, this issue is waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Taylor does, however, argue that the district court erred in dismissing his claim for injunctive relief because he has raised a valid claim that the grooming policy had a disparate impact upon Muslims. This argument is unavailing. Taylor's recent release from prison moots his claims for injunctive relief. See Rocky v. King, 900 F.2d 864, 867 (5th Cir. 1990). Accordingly,

Taylor's appeal from the district court's dismissal of his equal-protection claim for failure to state a claim upon which relief could be granted is DISMISSED AS MOOT. Taylor's motion for a show cause order is DENIED because the defendant asserts that she is taking reasonable steps to comply with this court's order concerning appellate costs.

"If a claim becomes moot after the entry of a district court's judgment and prior to the completion of appellate review, we generally vacate the judgment and remand for dismissal." Murphy v. Fort Worth Indep. Sch. Dist., 334 F.3d 470, 471 (5th Cir. 2003). That is the scenario presented by the instant case in relation to Taylor's RLUIPA claim. Accordingly, we GRANT Cockrell's motion, VACATE the district court's Memorandum Order and Injunction relating to Taylor's RLUIPA claim, and REMAND this case to the district court for the sole purpose of dismissal of Taylor's RLUIPA claim. Because Taylor's appeal is moot, all other outstanding motions are DENIED.