NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0812n.06

No. 11-3420

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jul 27, 2012*

LEONARD GREEN, Clerk

WILLIAM M. O'NEILL,                                )
                                                   )
            *Plaintiff-Appellant,*                 )       ON APPEAL FROM THE
                                                   )       UNITED STATES DISTRICT
v.                                                 )       COURT FOR THE NORTHERN
                                                   )       DISTRICT OF OHIO
                                                   )
JONATHAN E. COUGHLAN,                              )              O P I N I O N
                                                   )
            *Defendant-Appellee.*                  )


BEFORE:     COLE and DONALD, Circuit Judges; SARGUS, District Judge.[*]

COLE, Circuit Judge.   William O'Neill, formerly a candidate for justice of the Supreme Court of Ohio, alleged in the district court that certain canons of Ohio's Code of Judicial Conduct violated the First Amendment of the United States Constitution.   The district court agreed, and provided injunctive relief that permitted O'Neill to run for office, twice, without being constrained by the relevant ethical canons.   We vacated that judgment because the district court should have engaged in *Younger* abstention.   O'Neill now insists that he ought to be allowed to collect attorney's fees as a "prevailing party" in the district court litigation, even though the district court should never have exercised jurisdiction.   We disagree, and therefore AFFIRM the judgment of the district court.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

## I. BACKGROUND

None of the facts are in dispute. O'Neill, an Ohio judge, stood for election as a justice to the Supreme Court of Ohio in 2004. During the campaign, an opposing party official filed a grievance with Jonathan Coughlan, Disciplinary Counsel for the Supreme Court of Ohio, alleging that O'Neill's campaign literature violated several canons of the Ohio Code of Judicial Conduct. Coughlan initiated grievance proceedings, and in response, O'Neill sued Coughlan in the United States District Court for the Northern District of Ohio, arguing that the canons were unconstitutional, both facially and as applied to him. The district court granted a preliminary injunction in September 2004, permitting O'Neill to run for office unencumbered by the relevant canons. O'Neill lost.

In 2007, the district court entered summary judgment in favor of O'Neill, finding that the relevant canons violated the First Amendment because they restricted speech on the basis of content. It also converted the preliminary injunction into a permanent injunction. O'Neill then sought to recover his attorney's fees under 42 U.S.C. § 1988(b), which grants the district court the discretion to "allow the prevailing party, other than the United States," reasonable attorney's fees. The district court stayed consideration of O'Neill's motion pending appeal.

On appeal, we dissolved the injunction and vacated the judgment "because the district court should have abstained from deciding the merits of the case under the authority of *Younger v. Harris*, 401 U.S. 37 (1971)." *O'Neill v. Coughlan*, 511 F.3d 638, 639 (6th Cir. 2008). We specifically held that *Younger* abstention ought to have applied even though Coughlan had not raised that issue until late in the game (after the district court issued the preliminary injunction). *Id*. at 642-43. After our

mandate issued, Coughlan moved the district court to dismiss the case, which the district court did without prejudice.

O'Neill then again asked for his attorney's fees contending that he was a "prevailing party" under 42 U.S.C. § 1988(b). The district court denied his request, holding that "[t]he temporary relief gained by [O'Neill] before the Sixth Circuit dissolved the injunction. . . . was insufficient for [him] to be considered a prevailing party under Section 1988." O'Neill asked the district court to reconsider in light of our recent decision in *McQueary v. Conway*, 614 F.3d 591 (6th Cir. 2010), but the district court refused, noting that O'Neill sought "lasting relief," and our dissolution of the permanent injunction precluded O'Neill from being considered a prevailing party. This appeal followed.

## II. ANALYSIS

On appeal, O'Neill contends that the district court erred in its assessment that our vacation of injunctive relief based on *Younger* abstention precluded the application of 42 U.S.C. § 1988(b). We review a district court's determination of whether a party seeking attorney's fees is a "prevailing party" within the meaning of § 1988(b) de novo. *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 619 (6th Cir. 2007).

### A. Recent developments in § 1988(b)

Although the rule in American civil litigation is that litigants generally have to bear their own legal costs, Congress has authorized the award of attorney's fees to prevailing parties in numerous statutes, including the one at issue today, 42 U.S.C. § 1988(b). *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). To be considered a prevailing

party, there must be a "material alteration of the legal relationship of the parties . . . ." *Id.* (quotation marks omitted). The litigant need not prevail on all claims; rather, he need only "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation marks omitted).

A litigant who obtains a preliminary injunction may qualify as a prevailing party, but only "if the injunction represents an unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo ordered because the balance of equities favors the plaintiff." *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 753 (6th Cir. 2002) (quotation marks omitted). O'Neill now points our attention to two recent opinions—one by the Supreme Court, and one by our Court—that purportedly tilt the prevailing party framework in his favor. We address each in turn.

*1.* Sole v. Wyner

T.A. Wyner, an artist, informed the Florida Department of Environmental Protection of her intention to create an antiwar artwork at a state beach. *Sole v. Wyner*, 551 U.S. 74, 78 (2007). The work would consist of nude individuals assembled into a peace sign. *Id.* State officials informed Wyner that her artwork would violate Florida's "Bathing Suit Rule," at which point Wyner sought injunctive relief in the district court. *Id.* at 78-79. She requested immediate emergency relief enjoining the state from interfering with the peace sign display, and permanent relief for future artwork. *Id.* at 79. The day after Wyner filed the complaint, the district court heard the emergency motion, albeit in a "hurried" manner, and granted the injunction as to the peace sign display. *Id.*

Thereafter, Wyner sought a permanent injunction, which the district court denied. The court noted that the Florida law was "no greater than is essential to protect the experiences of the visiting

public," but did award Wyner attorney's fees because she was a prevailing party to the extent of her obtainment of the preliminary inunction. *Id.* at 80-81 (quotation marks and alteration omitted). The Eleventh Circuit affirmed the award of attorney's fees, reasoning that Wyner "had gained through the preliminary injunction the primary relief she sought," and was thus, for the purposes of § 1988(b), a prevailing party. *Id.* at 81 (quotation marks and alteration omitted).

The Supreme Court reversed. In doing so, it noted that Wyner's success was "fleeting," and that she had not prevailed on "the gravamen of her plea for injunctive relief, *i.e.*, her charge that the state officials had denied her . . . the right to engage in constitutionally protected expressive activities." *Id.* at 83. The crux of the decision rested on the "hasty and abbreviated" nature of the preliminary injunction hearing, which afforded the state little opportunity to oppose Wyner's request, and that "Wyner's temporary success rested on a premise the District Court ultimately rejected." *Id.* at 84. She was therefore not a prevailing party, because "[a] plaintiff who secures a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against her, has won a battle but lost the war." *Id.* at 86 (alterations omitted) (quoting *Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002)). The Supreme Court expressly reserved judgment on "whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees." *Id.*

*2.* McQueary v. Conway

In 2006, Bart McQueary sought to stage anti-gay protests at military funerals in Kentucky. *McQueary*, 614 F.3d at 595. Kentucky, however, had added to its criminal code three misdemeanors designed to preclude such activity. *Id.* McQueary filed suit, asking the district court to find the

Kentucky laws unconstitutional and to enjoin their enforcement. *Id.* at 596. The district court issued the preliminary injunction, but six months later, the Kentucky legislature repealed the offending provisions. *Id.* The district court thereafter dismissed McQueary's lawsuit as moot and denied his request for attorney's fees. *Id.*

We reversed, relying in part on the Supreme Court's decision in *Sole.* First, we noted a number of situations in which "all that moots the case is court-ordered success and the passage of time," such as when protesters seek an injunction to demonstrate at a Saturday parade—the injunction gives them the relief they need, while the passage of time moots the case. *Id.* at 599. After examining a number of different theories as to how and when preliminary injunction victors may qualify as a prevailing party, we noted that courts are left "with a contextual and case-specific inquiry, one that does not permit us to say that preliminary-injunction winners always are, or never are, 'prevailing parties.'" *Id.* at 601. Given *Sole,* however, the preliminary nature of an injunction "will generally counsel *against* fees . . . ." *Id.* (emphasis added).

B. *Younger abstention and § 1988(b)*

*Younger* abstention counsels federal courts to refrain from interfering with pending state judicial proceedings absent extraordinary circumstances. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). When a court determines that *Younger* abstention applies, it may not retain jurisdiction over the case. *Juidice v. Vail*, 430 U.S. 327, 348 (1977) (Stewart, J., dissenting); s*ee also Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986) ("*Younger* abstention requires dismissal of the complaint rather than retention of jurisdiction as is the case under *Pullman* abstention."). Further, "when a case is properly within the *Younger* category

of cases, there is no discretion on the part of the federal court to grant injunctive relief." *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976)).

*Younger* abstention is not, however, a jurisdictional bar. *See* 17A CHARLES ALAN WRIGHT et al., FEDERAL PRACTICE AND PROCEDURE § 4243, at 67 (3d ed. 1998) ("[A]bstention presupposes that jurisdiction exists . . . ."); s*ee also Ohio Civil Rights Com'n v. Dayton Christian Sch.*, 477 U.S. 619, 626 (1986) ("[*Younger* abstention] does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced.") Instead, it stems from "a proper respect for state functions," and a desire to "avoid a duplication of legal proceedings," when possible. *Younger*, 401 U.S. at 44.

When we first considered O'Neill's claim, we held that the district court improperly retained jurisdiction in this case, even though it had subject-matter jurisdiction. *O'Neill*, 511 F.3d at 639. That principle, then, guides our decision here. Because the district court should have dismissed this case long ago, it is improper to consider O'Neill a prevailing party for purposes of awarding attorney's fees. Although O'Neill tries to convince us that his facts are similar to those in *McQueary*, his attempt to do so is unavailing. The key distinction being that the district court rightfully exercised and retained jurisdiction in *McQueary*. *See also Deja Vu v. Metro. Gov't of Nashville & Davidson Cntys., Tenn.*, 421 F.3d 417, 424 (6th Cir. 2005) (Rogers, J., dissenting) ("If ever 'exceptional circumstances' warrant denial of fees to a prevailing party, it is when that party had prevailed by obtaining injunctive relief that the party clearly was, in retrospect, never entitled to.").

The development in *McQueary* did not implicate the validity of the preliminary injunction, it just changed the form of relief. Here, we undercut the validity of the initial injunction.

The majority of O'Neill's arguments relate to the fact that the district court's preliminary injunction permitted him to run, unencumbered, in the election. He cites to numerous cases, including *McQueary*, in which the defendants received a significant amount of what they asked for, and were thereafter determined to be prevailing parties. *See, e.g.*, *Tex. State Teacher's Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989) ("If the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind.") (quotation marks and alteration omitted); *Difenderfer v. Gomez-Colon*, 587 F.3d 545, 550 (1st Cir. 2009) (awarding attorney's fees after vacating an injunction as moot); *Grano v. Barry*, 783 F.2d 1104, 1110 (D.C. Cir. 1986) (awarding attorney's fees after successfully holding off a demolition until after an election); *see also Young v. City of Chicago*, 202 F.3d 1000,1000 (7th Cir. 2000) (awarding fees to protestors who obtained a preliminary injunction to protest at a convention); *Watson*, 300 F.3d at 1095-96 (awarding fees to a government employee who sought to exclude a report from an administrative hearing and received an injunction allowing him to do so). The difference between these cases and O'Neill's is, of course, that the district courts in those cases properly exercised the power to grant the relief requested.[1] The district court here did not.

---

[1]O'Neill contends that elections are the sort of special cases where relief should be granted even though the relief is, by definition, ephemeral. But *McQueary* establishes that attorney's fees may be granted even if the case becomes moot. It is the *Younger* question, and not that this is an electoral case, upon which we base our decision.

Obvious questions of fairness abound. Were we to reverse the district court, Coughlan would be forced to pay O'Neill's attorney's fees even though the district court should have declined jurisdiction from the beginning. Were we to affirm, O'Neill is forced to pay for the district court's erroneous exercise of jurisdiction. But when O'Neill filed his complaint, he was on notice that the district court could decline jurisdiction because of *Younger*, and his decision to proceed weighs heavily on our decision. This is simply different than cases that become moot, wherein the actions of a party other than the plaintiff's, like the Kentucky legislature's in *McQueary*, cause the dispute to be no longer justiciable.

Our position finds additional support in the somewhat analogous doctrine of standing. Although standing is a jurisdictional requirement, an appellate court's determination that a party lacked standing in the district court would purportedly nullify any fee award. *See Lynch v. Leis*, 382 F.3d 642, 646 (6th Cir. 2004) ("If [the party] never had standing to bring the case, he is not a proper prevailing party."). Effectively, what O'Neill asks of us is to say, in one breath, that the district court should never have heard the case, but in another, that the error is of no matter, and attorney's fees should be awarded. We decline to adopt such an inconsistent position.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.