NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1298n.06

No. 12-5944

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| BART MCQUEARY, | ) | **FILED** |
| | ) | **Dec 18, 2012** |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JACK CONWAY, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |

Before: GUY, BOGGS and SUTTON, Circuit Judges.

PER CURIAM. In this sequel, Bart McQueary asks us once again to reverse the district court's denial of his motion for attorney's fees under 42 U.S.C. § 1988. It is hard to be critical of him because the first appeal worked, prompting us to reverse the court's initial denial of fees. But in this instance, the district court adhered to our list of relevant considerations, acknowledged that preliminary-injunction winners in some instances may be eligible for fees and permissibly exercised its discretion in declining to award fees in this case. We affirm.

This lawsuit began when McQueary challenged a Kentucky statute that criminalized protests at funerals. As a supporter of the Westboro Baptist Church, McQueary sought to engage in anti-gay protests at military funerals, and he claimed that the state law interfered with his free-speech rights under the First and Fourteenth Amendments. His complaint did not seek to enjoin the application of the statute at a given funeral on a given day. It sought to invalidate the law in all of its

applications now and in the future, which is to say on its face. The district court preliminarily enjoined enforcement of the law on the ground that he had a likelihood of success on the merits. The State did not appeal the preliminary injunction or defend the lawsuit through final judgment. It instead repealed the statute.

After the legislature repealed the statute, the district court dismissed McQueary's lawsuit as moot and denied his request for attorney's fees. We reversed the attorney's fees decision. *McQueary v. Conway*, 614 F.3d 591 (6th Cir. 2010). Although Supreme Court precedent "generally counsel[s] against fees in the context of preliminary injunctions," we explained, the winner of a preliminary injunction may nonetheless be a prevailing party in some circumstances. *Id.* at 601. No firm rule enabled us to say that preliminary injunctions always support fee awards or never do. Trial courts instead must make context- and case-specific judgments. After exploring the range of circumstances in which fees might be justified and in which they would not be, we remanded the case to the district court to reassess whether McQueary should obtain fees. The district court denied the fees request again, and McQueary appeals again.

The district court "is given considerable deference over most aspects of the fees inquiry." *McQueary*, 614 F.3d at 604. Such deference is appropriate here, as the district court granted the preliminary injunction in the first instance, had a ring-side view of the proceedings and knows firsthand how and why the case proceeded as it did. All of this explains why "[w]e review a district court's determination" in this area "for clear error." *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 670 (6th Cir. 2006).

No such error occurred. The court appreciated that attorney's fees may be awarded in some settings to preliminary-injunction winners, but it found that this was not an appropriate occasion for doing so. After examining the context of this case in light of our instructions in *McQueary I*, the district court concluded that the circumstances did not justify a fee award. As the court recognized, there is no "catalyst" theory for granting fees. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 610 (2001). The court thus reasoned that the state legislature's "voluntary conduct"—its repeal of the funeral-protest statute—does not by itself "serve as the basis for an award of attorney's fees." R.71 at 3.

Nor, the court added, did McQueary's claim "become moot because the preliminary injunction granted him all the relief he sought." R.71 at 3. McQueary wanted to "permanently enjoin the state from enforcing the challenged provisions." *Id.* The nature of the relief McQueary sought in other words was permanent; the relief he received from the court was temporary. To illustrate the point, the court distinguished *Young v. City of Chicago*, 202 F.3d 1000 (7th Cir. 2000), in which the plaintiff wanted to protest during a single, specific event—the 1996 Democratic National Convention. Young received that relief from the court through a preliminary injunction, and the case became moot when the convention ended. *Id.* at 1000. Unlike the injunction in *Young*, the district court explained, McQueary's preliminary injunction itself did not ultimately provide him with the permanent relief he requested.

As we explained in *McQueary I*, Supreme Court precedent counsels that, "when a claimant wins a preliminary injunction and nothing more, that usually will not suffice to obtain fees under

No. 12-5944
*McQueary v. Conway*

§ 1988." 614 F.3d at 604. The district court's task was to make a "contextual and case-specific inquiry" to determine if McQueary's preliminary injunction fit within an exception to that general rule. *Id.* The district court did not clearly err in concluding that it did not.

We affirm.