**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MANUEL DE JESUS ORTEGA
MELENDRES, on behalf of himself
and all others similarly situated;
JESSICA QUITUGUA RODRIGUEZ, on
behalf of themselves and all others
similarly situated; DAVID
RODRIGUEZ, on behalf of themselves
and all others similarly situated;
VELIA MERAZ, on behalf of
themselves and all others similarly
situated; MANUEL NIETO, JR., on
behalf of themselves and all others
similarly situated; SOMOS AMERICA,
              *Plaintiffs-Appellees*,

UNITED STATES OF AMERICA,
     *Intervenor-Plaintiff-Appellee*,

v.

MARICOPA COUNTY,
                  *Defendant*,

v.

GERARD A. SHERIDAN,
              *Movant-Appellant.*

No. 16-16663

D.C. No.
2:07-cv-02513-
GMS

ORDER

Filed January 4, 2018

Before:  J. Clifford Wallace, Susan P. Graber,
and Marsha S. Berzon, Circuit Judges.

## SUMMARY[*]

### Civil Rights/Attorney's Fees

The panel granted in part plaintiffs' motion for attorney's fees on appeal pursuant to 42 U.S.C. § 1988(b).

Plaintiffs had obtained an injunction against defendant in an action under 42 U.S.C. § 1983.  *Melendres v. Arpaio*, 784 F.3d 1254, 1267 (9th Cir. 2015).  Gerard Sheridan, a now-retired employee of defendant, appealed from the district court's finding that he committed civil contempt by disobeying the injunction. After Sheridan filed his opening brief, the panel granted plaintiffs' motion to dismiss Sheridan's appeal for lack of standing.  Plaintiffs then sought attorney's fees under 42 U.S.C. § 1988(b) for services performed in connection with the appeal.

The panel held that plaintiffs were "prevailing part[ies]" within the meaning of section 1988 in every sense.  They succeeded in obtaining an injunction in the district court and succeeded in dismissing Sheridan's appeal from the district court's finding of contempt for violating the injunction. That the panel dismissed Sheridan's appeal for lack of standing

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

rather than on the merits did not, as Sheridan asserted, divest plaintiffs of prevailing party status. The panel therefore granted plaintiffs' application for attorney's fees and costs related to Sheridan's dismissal. Because, however, plaintiffs did not succeed in opposing Sheridan's appeal on the merits, the panel declined to award them fees for preparing the answering brief. The panel referred the matter to the Appellate Commissioner to calculate the amount of reasonable attorney's fees and non-taxable costs to award plaintiffs consistent with this order.

## COUNSEL

Dennis I. Wilenchik and John D. Wilenchik, Phoenix, Arizona, for Movant-Appellant.

Stanley Young, Covington & Burling LLP, Redwood Shores, California; Tammy Albarran, Covington & Burling LLP, San Francisco, California; Kathleen E. Brody and Brenda Muñoz Furnish, ACLU Foundation of Arizona; Cecilia D. Wang, ACLU Foundation Immigrants' Rights Project, San Francisco, California; Anne Lai, Irvine, California; Julia Gomez, Mexican American Legal Defense and Educational Fund, Los Angeles, California; for Plaintiffs-Appellees.

## ORDER

Plaintiffs obtained an injunction against Defendant in an action under 42 U.S.C. § 1983. *Melendres v. Arpaio*, 784 F.3d 1254, 1267 (9th Cir. 2015). Sheridan, a now-retired employee of Defendant, appealed from the district court's finding that he committed civil contempt by disobeying the injunction.

After Sheridan filed his opening brief, we granted Plaintiffs' motion to dismiss Sheridan's appeal for lack of standing. Plaintiffs now seek attorney's fees under 42 U.S.C. § 1988(b) for services performed in connection with the appeal. We grant the award in part.

Plaintiffs are "prevailing part[ies]" within the meaning of section 1988 in every sense. 42 U.S.C. § 1988(b). They succeeded in obtaining an injunction in the district court and succeeded in dismissing Sheridan's appeal from its finding of contempt for violating the injunction. That we dismissed Sheridan's appeal for lack of standing rather than on the merits does not, as Sheridan contends, divest Plaintiffs of prevailing party status. *See Sotomura v. Cty. of Hawaii*, 679 F.2d 152, 152 (9th Cir. 1982) (order) (holding plaintiffs were prevailing parties, "even though they prevailed by obtaining dismissal of the appeal as untimely rather than affirmance on the merits"); *accord Ford v. Bender*, 768 F.3d 15, 31 (1st Cir. 2014) (holding plaintiff was prevailing party, even though plaintiff obtained dismissal of the appeal as moot, because judgment was not moot when issued by the district court); *Murphy v. Fort Worth Indep. Sch. Dist.*, 334 F.3d 470, 471 (5th Cir. 2003) (same); *Young v. City of Chicago*, 202 F.3d 1000, 1000–01 (7th Cir. 2000) (same). Our dismissal contemplates no future proceedings involving the merits of the contempt finding that could change the favorable result obtained by Plaintiffs below. *Sotomura*, 679 F.2d at 153. Plaintiffs are prevailing parties under section 1988.

Sheridan further argues that *Kentucky v. Graham*, 473 U.S. 159 (1985), stands for the proposition that a non-party may not be liable for a fee award under section 1988. We do not read *Graham* so broadly. *Graham* held that a

government entity could not be vicariously liable for a fee award when plaintiffs prevailed in a lawsuit against its employees in their personal capacities. *Id.* at 167–68. After the entity's dismissal on Eleventh Amendment grounds, it was a non-party and did not actively participate in the litigation. *Id.* at 162. By contrast, Sheridan disobeyed the injunction entered in the underlying litigation. He actively inserted himself into the litigation by appealing the contempt finding in the hope of clearing his name. We and our sister circuits have held that non-party contemnors may be liable for attorney's fees in other contexts. *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 789–90 (9th Cir. 1989) (holding non-party contemnors liable for plaintiffs' attorney's fees incurred in bringing contempt proceeding as a remedial sanction); *see also Gen. Ins. Co. of Am. v. E. Consol. Utils., Inc.*, 126 F.3d 215, 220 (3d Cir. 1997) (affirming award of attorney's fees from non-party contemnor); *Waffenschmidt v. Mackay*, 763 F.2d 711, 726 (5th Cir. 1985) (affirming award of attorney's fees from non-party contemnors because they aided and abetted the defendants in violating the court's injunction). There is no reason to treat an award of fees under section 1988 any differently. Therefore, we grant Plaintiffs' application for attorney's fees and costs related to Sheridan's dismissal.

Plaintiffs also seek fees for preparing an answering brief that they never filed, having instead prevailed in their motion to dismiss. We may award fees only for work "expended in pursuit of the ultimate result achieved." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (internal quotation marks and citation omitted). Because Plaintiffs did not succeed in opposing Sheridan's appeal on the merits, we award them no fees for preparing the answering brief.

We refer this matter to the Appellate Commissioner to calculate the amount of reasonable attorney's fees and non-taxable costs to award Plaintiffs consistent with this order. Any such award is subject to reconsideration by this panel. *See* Ninth Cir. R. 39-1.9.

**REFERRED TO THE APPELLATE COMMISSIONER**